■ In the Matter of NEW ENGLAND PETROLEUM CORPORATION, Appellant, v COUNTY OF SUFFOLK et al., Respondents.—Appeal from so much of an order of the Supreme Court, Suffolk County, entered July 29, 1975, as denied petitioner's motion to quash a subpoena duces tecum. Order affirmed insofar as appealed from, with $50 costs and disbursements. Pursuant to four resolutions dating from February 14, 1974 through November 26, 1974, the Suffolk County Legislature created a special committee to investigate gasoline distribution and authorized said committee to investigate "the causes of LILCO rate increases." Studies and public hearings of the committee had developed that the petitioner was, for 15 years, the principal supplier of residual fuel for LILCO. The subpoena was served on January 16, 1975 and directed petitioner to appear before the special committee and produce invoices and related documents for delivery of fuel oil by petitioner to LILCO from 1967. Although the subpoena does not on its face disclose the relevancy to the documents sought, the record made in opposition to the motion to quash establishes "authority, relevancy, and some basis for inquisitorial action (cf. *Matter of La Belle Creole Int. v. Attorney-General,* 10 N. Y. 2d 192, 196, and cases cited)" *(Matter of A'Hearn v Committee on Unlawful Practice of Law of N. Y. County Lawyers' Assn.,* 23 NY2d 916, 918). The subpoena was issued in furtherance of a legislative inquiry and, in

such a situation, "Only where the futility of the process to uncover anything legitimate is inevitable or obvious must there be a halt upon the threshold" *(Matter of Edge Ho Holding Corp.,* 256 NY 374, 382). We are not persuaded that the investigation here will be futile for any legislative purpose or that it is pre-empted by section 72-a of the Public Service Law, which controls solely the rates to be charged by petitioner's vendee, LILCO. Nor is this legislative inquiry concerning prices charged by the petitioner vendor for residual fuel oil pre-empted by section 755 of the Emergency Petroleum Allocation Act of 1973 (US Code, tit 15, § 755) since that section limits the pre-emption asserted only to the allocation of residual fuel oil. Hopkins, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.