OPINION OF THE COURT
Roger J. Miner, J.
Defendant moves to dismiss the complaint in this action for lack of subject matter jurisdiction, contending “that the causes of action are exclusively governed by. the Emergency Petroleum Allocation Act of 1973, as amended.” In a cross motion plaintiffs request that the court “treat the motion as one for summary judgment pursuant to Rule 3211 (c) CPLR, grant summary judgment to the plaintiffs on the complaint, and order an immediate trial on the issues of fact as to damages raised by the second cause of action”.
The defendant is engaged in the business of resale of motor gasoline. On December 23, 1977 it entered into a written agreement with the Jones Beach State Park Authority whereby it was afforded the exclusive concession to operate four designated parkway gasoline service stations in Nassau County. (Certain functions of the authority have *417 since been transferred to the Office of Parks and Recreation and certain of its functions have been transferred to the Department of Transportation. [L 1978, ch 50].) The agreement included the requirement that defendant “properly service parkway patrons at the standard retail prices as in the adjoining sections of Nassau County.”
On December 23,1977, defendant entered into a separate written agreement with the Office of Parks and Recreation. In this agreement the defendant was afforded the exclusive concession to operate three designated parkway gasoline stations in the Counties of Nassau and Suffolk. This contract included the requirement that defendant provide “supplies of standard quality to properly service parkway patrons at the standard retail prices as in the adjoining sections of Nassau and Suffolk Counties.”
In this action the plaintiffs allege that the gasoline prices being charged at the stations designated in the two agreements exceed the prices being charged in the surrounding areas. In the first cause of action the plaintiffs seek specific performance of the contracts respecting the price requirements and in the second cause of action they seek restitution of the excess profits received by defendant. The motion by defendant to dismiss is predicated upon the contention that the contractual provisions for “standard retail prices” are pre-empted by the Emergency Petroleum Allocation Act of 1973. The contention is not well founded.
Although there is a pre-emption provision in the act, the provision concerns allocation, rather than pricing, of petroleum products. (US Code, tit 15, § 755, subds [b], [c]; Matter of New England Petroleum Corp. v County of Suffolk, 52 AD2d 926.) It is clear that the act includes authority for the fixing of ceiling prices, but the establishment of minimum prices specifically is forbidden. (US Code, tit 15, § 759.) Accordingly, the motion to dismiss for lack of subject matter jurisdiction will be denied.
The cross motion for summary judgment also will be denied. The court declines to treat the plaintiffs’ motion as one for summary judgment (CPLR 3211, subd [c] ; Rovello v Orofino Realty Co., 40 NY2d 633), and there are triable issues of fact in any event. There must be a further develop *418 ment of the record as regards the computation of “standard retail prices” and as regards the location of the “adjoining sections” where such prices apply.