*918
 

 Per Curiam.
 

 The issues in this case are discussed in detail with elaborated reasoning in the opinions of the Appellate Division. It might have sufficed to rest on the majority opinion in that court, but, by way of caution, however, some additional comments are desirable.
 

 It is ancient law that no agency of government may conduct an unlimited and general inquisition into the affairs of persons within its jurisdiction solely on the prospect of possible violations of law being discovered, especially with respect to subpoenas duces tecum (see, generally, 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 2304.02, 2304.07). There must be authority, relevancy, and some basis for inquisitorial action (cf.
 
 Matter of La Belle Creole Int.
 
 v.
 
 Attorney-General,
 
 10 N Y 2d 192, 196, and cases cited). Thus, it has been held that even under broad investigation statutes the Attorney-General does not have an ‘ ‘ arbitrary and unbridled discretion as to the scope of his investigation ”
 
 (Carlisle
 
 v.
 
 Bennett,
 
 268 N. Y. 212, 217, cited and quoted with approval in the
 
 La Belle Creole
 
 case,
 
 supra).
 
 Such strictures are even of greater applicability when a nongovernmental organization, such as that involved here, has delegated to it powers of inquiry.
 

 Moreover, in all inquiries it is always available to the subject of the inquiry to assert and establish that he is being unnecessarily harassed (cf.
 
 Matter of Edge Ho Holding Corp.,
 
 256 N. Y. 374, 382; cf.
 
 Matter of Dawn Operators
 
 v.
 
 Lyon,
 
 283 App. Div. 358, 360-361, mot. for lv. to app. den. 306 N. Y. 977, app. dsmd. 307
 
 N.
 
 Y. 673; see, generally, 97 C. J. S., Witnesses, § 19, subd. b; § 25, subd. j).
 

 True, in this case there has been but a bare showing for the basis of the inquiry, but it is enough to initiate it. If the inquiry is unduly protracted, unduly intrusive into the affairs of the witness without some showing of utility in its further prosecution, or by the breadth or intensity of the inquiry into the books and papers of the witness it has become unduly burdensome, the witness will not be without remedy, to renew his motion or make other appropriate application. Nor will any similarly situated witness be without remedy.
 

 It would have been better, but it is not essential, that the committee should have shown in response to the motion to quash that there was reasonable ground to believe that there was illegal practice of law in this area of pension and profit-sharing planning, even if not directly attributable to any particular person
 
 *919
 
 called as a witness, and still better if such a showing, however slender, had been made with respect to this witness. Certainly some such showing would be necessary after the committee has passed beyond what it has characterized as its preliminary investigation to ascertain what further action by it is necessary. It may not rest alone on its inference that pension planning and profit-sharing schemes involve the drafting of legal instruments unless it can also shoiy that such drafting is being done by unqualified persons.
 

 Significantly, the rule of the Appellate Division for the First Department required as a condition precedent that the committee disclose, not merely assert, that it had reason to believe that the person to whom the subpoena is addressed is unlawfully practicing or assuming to practice law.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Fuld and Judges Scileppi, Bergan, Keating, Breitel and Jasen concur; Judge Burke taking no part.
 

 Order affirmed.