OPINION OF THE COURT
Jones, J.
To sustain a subpoena issued on behalf of the State Board for Professional Medical Conduct for production of medical records in aid of an investigation of an individual physician when the investigation has been triggered by receipt of a third-party complaint, there must be a minimal threshold showing that the complaint is authentic and that it is of sufficient substance to warrant investigation. No such showing was made with respect to the issuance of the subpoenas in either of these cases.
The executive director of the State Board for Professional Medical Conduct served an office subpoena duces tecum on Dr. Levin directing him to produce “[a]ny and all records, documents or other writings pertaining to” three named patients. Dr. Levin thereupon moved pursuant to CPLR 2304 to quash the subpoena. The State Board cross-moved to compel compliance with the subpoena. Supreme Court granted the motion to quash and denied the cross motion to compel compliance. The Appellate Division, First Department, one Justice dissenting, reversed, denied the motion to quash and directed the doctor to furnish the materials requested. Dr. Levin has appealed as of right to our court.
An office subpoena duces tecum was similarly issued on behalf of the State Board to Dr. McGrath directing him to produce “[a]ny and all records, documents or other writings pertaining to every patient treated by you at your office between 2:00 p.m. and 6:00 p.m. on the afternoon of July 12, *39 1979.” Counsel for the State Board later offered to modify the subpoena to limit the records directed to be produced to those of female patients and of one named male patient. Dr. McGrath, too, moved to quash the subpoena, and the board cross-moved to compel compliance. Special Term denied the motion to quash and granted the cross motion to compel compliance. The Appellate Division, Second Department, reversed, granted the motion to quash and denied the cross motion to compel compliance. The State Board has appealed as of right to our court.
We reverse in Levin and affirm in McGrath, holding that, on the records before us, the State Board has failed to establish a sufficient foundation for the issuance of either subpoena.
Both subpoenas were issued pursuant to authority conferred in section 230 (subd 10, pars [k], [l]) of the Public Health Law.[1] To establish the basis for the exercise of this authority in the present instances, the executive secretary of the State Board and Director of the Office of Professional Medical Conduct filed an affidavit in each case. The two affidavits are substantially similar and so far as presently pertinent each contains the following allegations: that the doctor to whom the subpoena was issued is currently under investigation by the State Board; that the office received “a complaint alleging professional misconduct” by the doctor (“concerning methods of treatment of particular patients” as to Dr. Levin; “with respect to his methods of alleged treatment using dangerous drugs” as to Dr. McGrath); that *40 a proper investigation into the possible charges against the doctor requires examination of the materials subpoenaed; that the issuance of the subpoena was authorized by a screening committee of the State Board; and that the materials subpoenaed “are highly relevant and material to the investigation” of the doctor.
Each doctor challenged the subpoena served on him on two grounds — that the State Board had not established a sufficient basis for its issuance nor had it demonstrated the relevancy of the materials subpoenaed to the investigation being conducted. We uphold the former challenge.
It is not disputed that section 230 (subd 10, par [k]) of the Public Health Law confers general authority on the executive secretary of the State Board to subpoena medical records of physicians. Although the practice of medicine is subject to regulation by the State under the police power and implied authorization is given the State Board to obtain patient records for purposes of investigation of a physician notwithstanding the confidential physician-patient relationship, a minimum threshold foundation must be established to support the issuance of an office subpoena in the individual case[2] (cf. Matter of Nicholson v State Comm. on Judicial Conduct, 50 NY2d 597 [subpoena upheld where issued on written complaint by attorney together with a formal administrator’s complaint and after an ex parte judicial hearing to determine the basis for the investigation[3]]; Matter of Napatco, Inc. v Lefkowitz, 43 NY2d 884 [subpoena quashed where issued on basis of advertisement and form solicitation letter]; Matter of Sussman v New York State Organized Crime Task Force, 39 NY2d 227 [subpoena quashed where no basis shown]; Myerson v Lentini Bros. Moving & Stor. Co., 33 NY2d 250, 259 [subpoena “of the broadest possible dimensions” *41 quashed where only basis was receipt of “numerous complaints” not otherwise authenticated]; Matter of A’Hearn v Committee on Unlawful Practice of Law of N. Y. County Lawyers’ Assn., 23 NY2d 916 [subpoena upheld on bare showing of basis for committee’s inquiry]). As we wrote in A’Hearn “[i]t is ancient law that no agency of government may conduct an unlimited and general inquisition into the affairs of persons within its jurisdiction solely on the prospect of possible violations of law being discovered, especially with respect to subpoenas duces tecum * * * There must be authority, relevancy, and some basis for inquisitorial action” (23 NY2d, at p 918).
The requirement that there be prima facie proof of a justifiable basis for a good faith investigation of professional misconduct attaches to the issuance of subpoenas by the State Board for Professional Medical Conduct. That the State Board is required to “investigate each complaint received regardless of the source” (Public Health Law, § 230, subd 10, par [a]) does not serve to dispense with the necessity for such a preliminary showing. Complaints can be authenticated and the State Board can determine whether there is ground for investigation of the charges made without recourse to subpoenas. To warrant the issuance of a subpoena in furtherance of an investigation, undertaken in consequence of receipt of a complaint or otherwise, however, there must be a showing that there exists “some basis for inquisitorial action”.
What is required when investigation is triggered by receipt of a complaint is a threshold showing of the authenticity of the complaint as warranting investigation, not a threshold substantiation of the charges made in the complaint. Verification of the authenticity of the complaint addresses the propriety of undertaking the investigation and can be made without the disclosure sought by a subpoena; the disclosure compelled by a subpoena is ordered in aid of investigation of the merits of the charges. It is fitting that before the investigative engines of governmental agencies are started up against an individual at least minimal warrant is shown for such intrusion.
We turn then to the cases before us. In addition to the unquestioned statutory grant of legal authority to issue an *42 office subpoena, the State Board must establish the bona fide authenticity of the particular occasion for the exercise of the subpoena power. Where the issuance of the subpoena is based, as in these cases, on the receipt of a complaint or complaints, there must be a minimal showing that, in consequence of verification or otherwise, the complaint reasonably justifies the issuance of the subpoena in furtherance of an investigation. What showing will suffice to cross this threshold will necessarily vary from case to case. It may relate to the reliability of the complainant; it may be shown by the substance of the complaint. Specific detail as to identification of the complainant, some evidence of his good faith or reliability, disclosure of the basis for his knowledge of the substance of the complaint, with dates to establish its currency, and some revelation of the substance of the complaint will normally suffice, but all or most of this data may not be necessary.[4] Sufficient authenticating detail may be found in the complaint itself; if not, it must be independently supplied. In the present case the only showing offered by the State Board is a bare recital of the receipt of “a complaint”, with no identifying or authenticating detail. This will not suffice.
Because the State Board has failed to make a threshold demonstration of the authenticity of the complaints as justifying the issuance of the subpoenas, they must be quashed. This determination serves to dispose of the appeals in the two cases before us. Accordingly, there is no necessity now to address the second branch of the assault on these subpoenas, namely, that there was a failure to demonstrate the relevancy of the materials subpoenaed to the investigations. being conducted. To do so would be inappropriate, especially in view of the failure of the parties to consider what significance, if any, should be attached to the particular language found in section 230 (subd 10, par [k]) of the Public Health Law authorizing the issuance of subpoenas “with reference to a matter within *43 the scope of the inquiry or the investigation being conducted by the board.”
For the reasons stated, the order of the Appellate Division in Matter of Levin should be reversed, with costs, and the order of Supreme Court reinstated, and in Matter of McGrath the order of the Appellate Division should be affirmed, with costs.

. These paragraphs provide as follows:
“(k) The executive secretary of the board with the specific approval of a committee on professional conduct of the board shall have the power to issue subpoenas requiring persons to appear before the board and be examined with reference to a matter within the scope of the inquiry or the investigation being conducted by the board and produce books, papers, records or documents pertaining thereto.
“(l) The board or its representatives may examine and obtain records of patients in any investigation or proceeding by the board acting within the scope of its authorization. Unless expréssly waived by the patient, any information so obtained shall be confidential and shall not be disclosed except to the extent necessary for the proper function of the board and New York state board of regents and the name of the patient may not be disclosed by the board or its employees at any stage of the proceedings unless the patient has expressly consented. Any other use or dissemination by any person by any means, unless pursuant to a valid court order or otherwise provided by law, is prohibited.”

. For the reasons explained in Matter of Sussman v New York Organized Crime Task Force (39 NY2d 227, 231-232) the situation is otherwise with respect to the issuance of a Grand Jury subpoena (cf. Virag v Hynes, 54 NY2d 437, 441-446).

. The suggestion in the dissent that in Nicholson we dispensed with the necessity for threshold proof of a basis for investigation is belied by examination of the record in that case. Our concern there was with a challenge to the issuance of the subpoenas after the sufficiency of the complaint as a basis for their issuance had been established in an ex parte judicial hearing (50 NY2d, at pp 611-612, n; see Matter of Nicholson v State Comm. on Judicial Conduct, 67 AD2d 649, 68 AD2d 851).

. If the issuing agency demonstrates the delicacy of a particular investigation or the risk of and consequences attendant on premature disclosure, it may be appropriate to take proof of the threshold foundation in camera (see Matter of Sussman v New York State Organized Crime Task Force, 39 NY2d 227, 233).