◼ JOHN J. NAPLES, Appellant, v ROBERT E. WHELAN, Respondent. — Order unanimously reversed, without costs, and petitioner's motion granted. Memorandum: Petitioner, the Corporation Counsel of the City of Buffalo (City), appeals from an order denying his motion to quash a subpoena duces tecum issued by respondent, the City comptroller. The subpoena demands production of opinions and correspondence relating to the role of Lawrence Quinn as a potential developer of the City waterfront. Petitioner concluded in the opinion respondent seeks that Mr. Quinn's proposal to develop a portion of the waterfront did not pose a conflict of interest by virtue of Mr. Quinn's former position as City Commissioner of Community Development. ¶ Special Term denied petitioner's motion to quash the subpoena duces tecum and granted respondent's cross motion to compel compliance, reasoning that pursuant to section 118 of the City Charter, respondent, as City comptroller, had a "presumptive right" to issue the subpoena. ¶ Assuming, without deciding, that respondent has the authority to issue the subpoena, petitioner's motion to quash should have been granted because respondent has failed to establish the relevancy of the information he seeks. As the Court of Appeals has stated "[i]t is ancient law that no agency of government may conduct an unlimited and general inquisition into the affairs of persons within its jurisdiction solely on the prospect of possible violations of law being discovered, especially with respect to a subpoena duces tecum * * * There must be authority, relevancy, and some basis for inquisitorial action" (*Matter of A'Hearn v Committee on Unlawful Practice of Law*, 23 NY2d 916, 918). ¶ Here, respondent has alleged in conclusory fashion that "[m]anifestly, the activities of both the Waterfront Development Corporation and the Urban Renewal Agency, insofar as such activities necessarily impact upon the fiscal affairs of the City of Buffalo, are

instrumentalities subject to the subpoena power of the Office of the Comptroller." Respondent however, has made no attempt whatsoever to establish a factual basis to support enforcement of the subpoena, nor has he adequately demonstrated that the material sought is relevant or material to any matter within his purview (see *Matter of Temporary Comm. of Investigation v French,* 68 AD2d 681, 688-689; cf. *Matter of New York State Comm. on Judicial Conduct v Doe,* 61 NY2d 56). A subpoena issued on such a barren basis is not entitled to judicial enforcement (see *Matter of Levin v Murawski,* 59 NY2d 35; *Matter of Napatco, Inc. v Lefkowitz,* 43 NY2d 884; *Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250; *Carlisle v Bennett,* 268 NY 212). ¶ Moreover, respondent has failed to allege that he has anything to do with policy recommendations or decisions on land development, property assessment or establishment of real estate tax rates on the City's waterfront property. In fact, it is clear from the record that at all times relevant to this proceeding respondent was acting as a member of the City Board of Ethics. In a letter to petitioner respondent emphasized "that my request [for the opinion] is made as a *member* of the Board of Ethics. I am, therefore, *entitled* to your file on this matter." ¶ Accordingly, the order is reversed and petitioner's motion to quash the subpoena duces tecum is granted. (Appeal from order of Supreme Court, Erie County, Kane, J. — quash subpoena.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.