In the Matter of GOVERL CONSULTING CORPORATION et al., Respondents, v NEW YORK TEMPORARY STATE COMMISSION ON LOBBYING, Appellant.

Third Department, January 9, 1986

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (John Q. Driscoll* and *William J. Kogan* of counsel), for appellant.

*Stein, Davidoff & Malito (Larry Hutcher* and *Robert J. Malito* of counsel), for respondents.

## OPINION OF THE COURT

CASEY, J.

At issue on this appeal is the validity of a subpoena duces tecum issued on behalf of respondent, the Temporary State Commission on Lobbying, for the production of certain records by petitioner Goverl Consulting Corporation (hereinafter petitioner), a lobbyist which refused to cooperate with respondent in its random audit program. Petitioner contends that the subpoena must be quashed in the absence of some factual basis for concluding that petitioner's reports contain false or inaccurate information or that petitioner has otherwise violated the Lobbying Act (L 1981, ch 1040, as amended by L 1983, ch 946). We disagree and reverse the order of Special Term granting petitioner's motion to quash the subpoena (126 Misc 2d 448).

The Lobbying Act declares that "it is necessary that the identity, expenditures and activities of [lobbyists] * * * be publicly and regularly disclosed" (Lobbying Act § 1). Accordingly, lobbyists are required to register with respondent and file periodic and annual reports containing certain information about their activities, compensation and expenditures (Lobbying Act §§ 5, 8, 10). Respondent has the authority and the duty to review the reports (Lobbying Act § 8 [c] [1]; § 10 [d] [1]; § 13 [c]), which are to be kept on file for a three-year period, during which they are open to public inspection (Lobbying Act § 8 [c] [2]; § 10 [d] [2]).

Respondent has construed the review requirements of the Lobbying Act as imposing upon it the obligation of verifying the accuracy of the reports, and in order to discharge this obligation with its current manpower and resources, respondent developed a program whereby reports are randomly selected by computer for audit. Petitioner's report was one of

those selected at random for audit, and respondent requested detailed documentation supporting the data contained in the report. Noting that the request was overly burdensome and that there was no allegation of any inaccuracy or impropriety in its report, petitioner refused to comply with the request. Respondent thereafter issued the subpoena that is the subject of this motion. "It is ancient law that no agency of government may conduct an unlimited and general inquisition into the affairs of persons within its jurisdiction solely on the prospect of possible violations of law being discovered, especially with respect to subpoenas duces tecum * * * There must be authority, relevancy, and some basis for inquisitorial action" *(Matter of A'Hearn v Committee on Unlawful Practice of Law of N. Y. County Lawyers' Assn., 23 NY2d 916, 918, cert denied 395 US 959; accord, Matter of New York State Commn. on Judicial Conduct v Doe, 61 NY2d 56, 60; Matter of Levin v Murawski, 59 NY2d 35, 41).* Respondent's authority in this matter can be found in Lobbying Act § 4 (c) (2) which grants respondent the power and the duty to conduct any investigation necessary to carry out the provisions of the act, including the authority to "subpoena witnesses, compel their attendance and require the production of any books or records which it may deem relevant or material". As to relevancy, there can be little doubt that the documents requested by respondent are pertinent to its investigation. It is the last factor—the basis for the inquisitorial action—that petitioner claims is lacking.

In support of its argument, petitioner relies upon *Matter of Levin v Murawski (supra,* p 41), which held "[t]he requirement that there be prima facie proof of a justifiable basis for a good faith investigation of professional misconduct attaches to the issuance of subpoenas by the State Board for Professional Medical Conduct". Thus, the court ruled, "[b]ecause the State Board has failed to make a threshold demonstration of the authenticity of the complaints as justifying the issuance of the subpoenas, they must be quashed" *(supra,* at p 42). Petitioner argues that the subpoena must be quashed here, too, because of the absence of an authenticated complaint or allegation of wrongdoing by petitioner that would justify respondent's inquisitorial action.

Petitioner's reliance upon the results in *Levin (supra)* is misplaced, for that case involved the question of "[w]hat is required when investigation is triggered by receipt of a complaint" *(supra,* at p 41). The investigative power at issue in *Levin* was included in the State Board's duty to conduct

disciplinary proceedings and could be exercised only upon receipt of a complaint or where the State Board suspected professional misconduct (Public Health Law § 230 [7], [10] [a]). Here, in contrast, respondent is charged with the duty of administering a statute which requires public disclosure of certain information in periodic reports, and it has been empowered to conduct any investigation necessary to carry out its duty (Lobbying Act § 4 [c]). As noted above, the Lobbying Act requires respondent to review the periodic reports submitted by lobbyists, and respondent has rationally construed this review requirement as including the obligation to substantiate the validity of the reported information, which is to "be publicly and regularly disclosed" "to preserve and maintain the integrity of the governmental decision-making process in this state" (Lobbying Act § 1). Respondent developed a random audit program to meet this obligation, and the challenged subpoena was issued only after petitioner had refused to cooperate in the audit. We conclude that, in these circumstances, there existed a basis for the inquisitorial action and petitioner's motion to quash the subpoena must, therefore, be denied.

MAHONEY, P. J. (dissenting). In my view, Special Term correctly held that respondent failed to establish a basis for inquisitorial action. Therefore, the motion of petitioner Goverl Consulting Corporation (hereinafter petitioner) to quash the subpoena was properly granted.

The Court of Appeals has noted that "[i]it is ancient law that no agency of government may conduct an unlimited and general inquisition into the affairs of persons within its jurisdiction solely on the prospect of possible violations of law being discovered, especially with respect to subpoenas duces tecum" *(Matter of A'Hearn v Committee on Unlawful Practice of Law of N. Y. County Lawyers' Assn.,* 23 NY2d 916, 918, *cert denied* 395 US 959). Accordingly, the agency must demonstrate authority, relevancy and some basis for inquisitorial action *(supra; see, Matter of Levin v Murawski,* 59 NY2d 35, 41). Recently, the Court of Appeals held that the State Commission on Judicial Conduct, to support a subpoena, must demonstrate that the information sought is reasonably related to a proper subject of inquiry *(Matter of New York State Commn. on Judicial Conduct v Doe,* 61 NY2d 56). In that case, the court struck out portions of the subpoena requesting records having no relationship to the investigation *(supra,* at pp 62-63).

In the instant case, there is no investigation at all underway, nor is there any hint that petitioner failed to report any of the information required by the statute or gave any false information. Respondent simply randomly selected petitioner's report and sought to compel it to document the information provided on the report. Respondent seeks to justify this action contending that, unlike the agencies involved in *A'Hearn, Levin* and *Doe (supra)* it is not a disciplinary agency whose investigation is triggered by the filing of a complaint, but is an agency charged with collecting information relating to lobbying activities. Respondent essentially is arguing that where an agency is charged with collecting information, as opposed to regulating or disciplining individuals, it may issue subpoenas simply on a showing that the material sought is relevant to a subject within the agency's jurisdiction.

This argument should fail since virtually every agency has some information collection functions. Respondent's rationale would give all agencies *carte blanche* to subpoena any records relevant to any information filed with them. Such wide-ranging powers should be specifically granted to the agency by the Legislature, not assumed by implication. For example, the Legislature has specifically granted the State Tax Commission expansive investigative powers: "The tax commission for the purpose of ascertaining the correctness of any return, or for the purpose of making an estimate of taxable income of any person, shall have power to examine or to cause to have examined, by any agent or representative designated by it for that purpose, any books, papers, records or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take testimony and require proof material for its information, with power to administer oaths to such person or persons" (Tax Law § 697 [b]). In contrast, the Lobbying Act simply empowers respondent to "conduct any investigation necessary to carry out the provisions of this act" (Lobbying Act § 4 [c] [2]) and to review "all statements and reports required under this act for violations" (Lobbying Act § 13 [c]). In my view, such general statutory language does not justify the far-reaching power respondent is seeking to exercise here.

WEISS and LEVINE, JJ., concur with CASEY, J.; MAHONEY,

P. J., and KANE, J., dissent and vote to affirm in an opinion by MAHONEY, P. J.

Order modified, on the law, without costs, by reversing so much thereof as granted the motion to quash the subpoena and denied the cross motion for enforcement thereof; motion denied in its entirety and cross motion granted; and, as so modified, affirmed.