In the Matter of NATIONAL FREELANCERS, INC., et al., Appellants, v STATE TAX COMMISSION, DEPARTMENT OF TAXATION AND FINANCE, Respondent.

Third Department, March 26, 1987

### APPEARANCES OF COUNSEL

*Brewer & Soeiro (Bradley R. Brewer* and *Eric J. Laptook* of counsel), for appellants.

*Robert Abrams, Attorney-General (Betsy Broder* and *Wayne L. Benjamin* of counsel), for respondent.

### OPINION OF THE COURT

LEVINE, J.

Petitioner National Freelancers, Inc. (Freelancers) operates a service providing temporary skilled workers for law and business firms. In August 1985, respondent received a copy of a signed complaint letter sent to the State Department of Labor from an identified attorney representing a number of clients operating similar agencies. The letter advised that Freelancers and its associated firm, petitioner Wordwise Personnel, Inc. (Wordwise), were not collecting withholding taxes on the remuneration of temporary office workers placed by them. Enclosed was a form document which the writer described as having been obtained at Freelancers by an individual on behalf of one of his clients. The form contained an acknowledgement to be signed by persons placed by Freelancers or Wordwise that they were independent contractors and personally responsible for declaring and paying income taxes. The letter further represented that most such temporary employment service agencies, adhering to applicable legal standards for distinguishing between independent contractors and employees, considered the persons referred as their employees and withheld and paid applicable payroll taxes on their remuneration. It was contended that Freelancers' and Wordwise's deviation from that practice gave them an unfair competitive advantage. Upon receipt of the letter, according to one of respondent's investigators, petitioners' cooperation was solicited in order to verify or refute the complaint, but voluntary disclosure was entirely refused.

Ultimately, respondent caused to be issued and served on the president of both Freelancers and Wordwise the office subpoenas challenged in this proceeding. The subpoenas sought all documents and records of Freelancers and Word-

wise for the period January 1, 1984 to March 6, 1986, reflecting the names of their respective clients to whom individuals were referred for temporary office work and the names of the individuals who were so referred. Respondent, however, conveyed its willingness to negotiate the production of the documents so as to minimize any business expense or disruption which might otherwise result from the production of the records. Petitioners then moved to quash the subpoenas under CPLR 2304, and now appeal from the denial of their motion by Supreme Court.

The standard for the validity of a governmental agency investigative subpoena, such as those under review here, are by now well established. The issuing agency must establish (1) its authority for engaging in such an investigation and issuing the subpoena; (2) that the evidence sought is reasonably related to the subject of inquiry; and (3) that there is an authentic factual basis to warrant the particular investigation *(Matter of Levin v Murawski,* 59 NY2d 35; *Matter of A'Hearn v Committee on Unlawful Practice of Law,* 23 NY2d 916).

We have concluded that all three of the foregoing requirements were met here. Respondent clearly has the statutory power to investigate and to obtain evidence pertaining to whether petitioners were employers of the individuals whom they referred for temporary assignment to law and business firms and thus under the obligation to withhold income taxes on their remuneration whether the individuals so referred declared and paid income taxes on what they received, or whether the firms to whom the referrals were made had the withholding tax collection obligation. Tax Law § 171 imposes responsibilities on respondent with respect to "the assessment, determination * * * and collection of taxes upon and with respect to personal income", and empowers it to "[t]ake testimony and proofs, under oath, with reference to any matter within the line of his official duty". Under Tax Law § 174 (1), respondent has the "power * * * to subpoena and require the attendance of witnesses and the production of books, accounts, records * * * or other papers pertinent to the investigations and inquiries which he is authorized to conduct". Obviously, these provisions support the instant investigation of nonpayment of withholding taxes as within respondent's enforcement responsibilities to collect personal income taxes and its right to gather evidence by subpoena with respect thereto. Moreover, it may be gleaned from petitioners' averments concerning the voluminous nature of the records sought to be pro-

duced that they have substantial operations. It is therefore readily inferable that, aside from the disputed status of the persons whom they place with clients, petitioners have conceded staff employees for whom petitioners were statutorily obligated to withhold taxes and file withholding tax returns (Tax Law § 671 [a]; § 674 [a]). Respondent is specifically empowered to investigate and subpoena books and records "for the purpose of ascertaining the correctness of any *return*" (Tax Law § 697 [b] [1]; emphasis supplied).

It is equally clear that the identities of the temporary office workers who were referred by petitioners and the client firms to whom the referrals were made, which respondent seeks to obtain through the subpoenaed records, are reasonably related to respondent's investigation. Ascertainment of the names of the persons placed by petitioners and the firms to whom they provided services is undeniably a necessary first step in the investigation of the employment status of the office workers, either with petitioners or their client firms. Although the information sought need not have related precisely to specific allegations of the complaint *(Matter of New York State Commn. on Judicial Conduct v Doe,* 61 NY 56, 61), here the material sought, although broad, is no more extensive than the subject of respondent's legitimate inquisition. Indeed, given the evidence of petitioners' refusal to make any informal disclosure in aid of respondent's inquiry, there was no way in which the subpoenas could have been more narrowly drawn.

Finally, in our view, the lawyer's complaint letter sufficed as the necessary "threshold showing of the authenticity of the complaint as warranting investigation" *(Matter of Levin v Murawski,* 59 NY2d 35, 41, *supra).* The required bona fide factual basis for investigating the complaint need not substantiate the charges *(supra),* nor even establish probable cause to believe that a violation of law occurred *(Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250, 251-252). The letter identified the writer and his basis of knowledge, as the attorney representing agencies similar to petitioners', of the general practice within the temporary employment referral service industry to treat the persons placed as agency employees, because they are paid hourly and their services are controlled by the agency as to hourly rates, assignment and termination. Corroboration that petitioners have in fact elected not to treat their pool of referrals as employees and do not collect withholding taxes from them is contained in the disclaimer form

which was submitted with the letter. Further suggestive that the complaint was not entirely baseless or merely harassment by a disgruntled business competitor is the fact that the State Department of Labor, after investigation, has deemed the personnel referred for temporary office work as Freelancers' employees for unemployment insurance purposes *(see, Matter of Kokoni [National Freelancers—Roberts]*, 110 AD2d 1023). After this court reversed a previous decision determining their status as employees by the Unemployment Insurance Appeal Board because of procedural irregularities *(supra)*, that Board, following a hearing upon remittal, adhered to its previous determination. The detailed complaint and confirming factual materials already discussed are amply sufficient to demonstrate the authenticity of the complaint and that there is substance to the issue of whether petitioners have improperly failed to collect withholding taxes *(cf., Matter of Levin v Murawski, supra,* at 38, 42).

We have considered petitioners' remaining arguments and find them equally unpersuasive. Therefore, Supreme Court's denial of the motion to quash the subpoenas should be affirmed.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Order affirmed, with costs.