OPINION OF THE COURT
Robert H. Straus, J.
Defendant Kenneth Ellman stands accused of violating the provisions of section 191 (1) (a) of the Labor Law, by allegedly failing to pay the wages of several employees for a two-week period in 1984. Defendant, by his attorney, directed the complaining witnesses (by subpoena duces tecum) to produce their State and Federal tax returns for the years 1982 through 1986. The New York State Attorney-General now moves, by order to show cause, to quash said subpoenas on the ground that the materials requested are irrelevant to the proceedings. In response, defendant requests that the court direct the complainants to comply with the subpoenas. Particularly, the defendant asserts that: (1) the Attorney-General, although a party to this criminal proceeding, lacks the requisite standing or authorization to make the motion to quash (citing People v Grosunor, 108 Misc 2d 932) and (2) the tax returns are both "relevant and material” to the instant criminal proceeding. In further support of his position, defendant contends that as "the issue at hand * * * is income * * * and wages” tax returns are an appropriate subject matter for a subpoena duces tecum.
STANDING
After an examination of the relevant authorities, the court finds that the Attorney-General does possess the requisite standing to move to quash the subpoenas here at issue.
As appropriately noted by the Attorney-General in his reply affirmation, defendant’s reliance upon People v Grosunor (supra) is misplaced. In Grosunor, the court addressed the issue of the District Attorney’s standing to quash subpoenas directed to the Department of Social Services (DSS), an independent agency of the City of New York, specifically noting that such a motion by the District Attorney would violate the New York City Charter — that only the Corporation Counsel or its designate (DSS) had the requisite standing to challenge the subpoena. Here, no such impediment exists as there is no independent agency to challenge the subpoenas — which are specifically directed to the complainants. Indeed, requiring the com *948 plainants to move to quash such subpoenas would more likely necessitate the retaining of private counsel, where the complainant’s interests are already adequately represented by the office of the Attorney-General. As such, the court finds that the Attorney-General has standing to challenge the subpoenas duces tecum issued by defendant.
MOTION TO QUASH
Having decided the threshold issue of standing, the court now addresses the People’s motion to quash.
An office subpoena is subject to challenge by a motion to quash on grounds that "the materials sought are irrelevant, and, when so challenged, it is incumbent upon the issuer to come forward with a 'factual basis’ which establishes the relevancy of the items sought to the subject matter of the investigation before a witness will be compelled to comply with the subpoena’s mandate” (Virag v Hynes, 54 NY2d 437, 441-442; see also, Myerson v Lentini Bros. Moving & Stor. Co., 33 NY2d 250; Matter of A’Hearn v Committee on Unlawful Practice of Law, 23 NY2d 916, cert denied 395 US 959; Matter of La Belle Creole Intl. v Attorney-General of State of N. Y., 10 NY2d 192).
Establishing the relevancy of the materials sought, however, requires only that the issuer of an office subpoena demonstrate (in order to avoid a motion to quash), that the materials sought have a "reasonable relation to the subject-matter under investigation and to the public purpose to be achieved” (see, Carlisle v Bennett, 268 NY 212, 217).
The court is unconvinced by defendant’s bald assertion that "since income and wages are at issue here * * * tax returns indicating this are both relevant and material”.* Absent a more substantial showing of relevancy by the defendant, the court will not compel the production of such records by the complainants. Surely an unbridled intrusion into the private tax records of the individual complaining witnesses without a specific demonstration of their relevance would only serve to discourage complainants from coming forth initially and making themselves continually available in criminal proceedings (People v Sumpter, 75 Misc 2d 55). That is not to say that defendant need make a showing that the tax records actually contain relevant information, but must merely set *949 forth some factual predicate which would make it reasonably likely that the income tax returns will provide exculpatory material (see, People v Gissendanner, 48 NY2d 543, 550).
Accordingly, the People’s motion to quash the subpoenas duces tecum issued by defendant is granted. Defendant’s motion to compel the production of such records is denied without prejudice.

 Indeed, the wages at issue are for a two-week period occurring between July 26 and August 10,1984.