■ In the Matter of NEW YORK STATE RACING AND WAGERING BOARD, Appellant, v JEFFREY EAGLE et al., Respondents. [637 NYS2d 408] —Order, Supreme Court, New York County (William Davis, J.), entered October 27, 1994, which denied petitioner's application pursuant to Racing, Pari-Mutuel Wagering and Breeding Law § 329 (1) to compel respondent's compliance with petitioner's subpoenas ad testificandum, and dismissed the petition, unanimously affirmed, without costs.

Petitioner has not demonstrated any basis for its investigation, nor how respondents' testimony would aid it (see, Matter of Levin v Murawski, 59 NY2d 35). Petitioner claimed in its application that a complete printout of the race in question showed that two winning trifecta tickets, one of which was presented by respondents for payment, had been purchased within six seconds of each other from the same automated ticket dispenser, supporting an inference that the one person had purchased both tickets, but that fact in no way supports an inference that that person was a licensee of respondent, i.e., an owner, driver or trainer, who had bet against his or her own horse in violation of petitioner's rules. In addition, as the IAS Court pointed out, assuming that the fact of a single purchase supports the inference of licensee wagering, that circumstance has no pertinence now that petitioner has paid the second ticket to an individual who agreed to be interviewed. Obviously, petitioner cannot pay one ticket holder and not the other and claim at the same time that two tickets holders are the same person, or related persons, working on behalf of a corrupt licensee. Concur—Milonas, J. P., Ellerin, Wallach, Kupferman and Williams, JJ.