■ JAMES D. FEATHERSTONHAUGH et al., Respondents-Appellants, v JAMES W. ROEMER, JR., Appellant-Respondent, et al., Defendants. [710 NYS2d 683] —Crew III, J. Cross appeals from an order of the Supreme Court (Teresi, J.), entered April 9, 1999 in Albany County, which, inter alia, denied defendant James W. Roemer, Jr.'s motion for summary judgment dismissing the complaint against him and denied plaintiffs' cross motion for partial summary judgment.

In 1984, defendant James W. Roemer, Jr., and plaintiff James D. Featherstonhaugh formed defendant Roemer and Featherstonhaugh, P. C. (hereinafter the P. C.), a law firm. Since its inception, Roemer has been president, a member of the board of directors and managing partner. The employment agreement entered into by Roemer and the P. C. provided, *inter alia*, that "income from the professional services of Employee rendered outside the office may be paid to [the employee] directly and applied to reduce the compensation otherwise payable to Employee."

From 1988 to 1991, the P. C. contracted to provide legal services to the City of Schenectady, the City of Saratoga Springs, the Town of Colonie, Sullivan County and Schoharie County. Notably, during this period, services to these municipalities were primarily provided by employees of the P. C. other than Roemer. In or about 1993, Roemer renegotiated each of the municipal contracts so that a portion of the contract fee was paid to the P. C. and the balance of the fee was paid personally to Roemer as an employee of each municipality. Roemer did not inform the P. C.'s shareholders of this new arrangement (except as to Schoharie County) and did not present the new contracts to the P. C.'s board of directors for approval. Roemer allegedly used the P. C.'s personnel, support services and other facilities for all municipal work he performed. Also in 1993, the P. C. advanced in excess of $13,000 to TYMROE Ventures Partners, a partnership in which the P. C. held a 50% interest. Additionally, in 1993 and 1994, the P. C. advanced in excess of $1,000,000 to Roemer & Featherstonhaugh, Esqs., a California partnership formed to handle breast implant litigation in that State.

In February 1995, Roemer advised that he was resigning from the P. C. effective June 30, 1995 and, as a consequence, a number of other shareholders also gave notice of their leaving, causing the P. C. to begin winding up its affairs. During the course of closing down, the P. C. collected in excess of $5,000,000 in revenue but allegedly failed to repay $800,000 to one of its secured creditors and $200,000 in income taxes for tax year 1995.

Plaintiffs, shareholders of the P. C., commenced this shareholder derivative action against Roemer, his brother, who was a shareholder and director of the P. C., and the P. C. seeking damages as the result of misconduct, corporate waste and breach of fiduciary duties, an accounting, removal of Roemer and his brother as directors and officers of the P. C., as well as an injunction to restrain Roemer and his brother from dis-

sipating the P. C.'s assets. Following joinder of issue, defendants moved for summary judgment dismissing the complaint and plaintiffs cross-moved for summary judgment on their first and third causes of action. Supreme Court denied the motions, prompting these cross appeals by Roemer and plaintiffs.

Roemer, as so limited by his brief, contends that he was entitled to summary judgment on plaintiffs' fourth cause of action, which alleges that he breached his fiduciary duty in failing to pursue collection of the loans made by the P. C. to TYMROE and Roemer & Featherstonaugh, Esqs., because the money advanced to those partnerships constituted investments and not loans. In support of his position, he presents his sworn affidavit, as well as documentary evidence, and contends that plaintiffs have proffered no proof in opposition thereto.

With regard to the moneys advanced to Roemer & Featherstonaugh, Esqs., it is of note that Roemer himself acknowledges that "the flow of funds from the P. C. was, on an operating basis, characterized as a series of 'loans.'" Furthermore, a financial statement prepared on behalf of and for the P. C. provides, *inter alia,* "[t]he [P. C.] had advances to Roemer and Featherstonaugh Esqs. (a California partnership) of $840,182 and $229,280 at the years ended December 31, 1994 and 1993, respectively. Interest is being paid on the advances at the rate of 8.5% as of December 31, 1994. There are no scheduled repayment terms." Clearly, there is a genuine issue of fact as to the nature of these advancements that can only be resolved at trial.

We reach a contrary conclusion, however, as to the moneys advanced to TYMROE. Our review of the record reveals, and indeed plaintiffs' counsel conceded at oral argument, that there simply is no evidence that the moneys advanced to TYMROE were in the nature of a loan. Accordingly, Roemer is entitled to summary judgment dismissing that portion of plaintiffs' fourth cause of action alleging a breach of fiduciary duty as to TYMROE.

With regard to plaintiffs' cross appeal, we perceive genuine issues of fact as to whether, *inter alia,* Roemer obtained outside employment with various municipalities and properly reduced the compensation due him from the P. C. in accordance with his employment contract. Finally, plaintiffs are not entitled to summary judgment according them an accounting pursuant to Business Corporation Law § 720. As noted previously, there exist questions of fact concerning plaintiffs' allegations of misconduct. And insofar as plaintiffs claim entitlement to an accounting by reason of Roemer's failure to satisfy certain debts

of the P. C., such allegations are not supported by evidence in admissible form. The parties' remaining contentions, to the extent properly before this Court, have been examined and found to be lacking in merit.

Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant James W. Roemer's motion for summary judgment dismissing that portion of plaintiffs' fourth cause of action alleging breach of fiduciary duty as to TYMROE Ventures Partners; motion granted to said extent, partial summary judgment awarded to said defendant and that portion of the fourth cause of action is dismissed; and, as so modified, affirmed.