In the Matter of JARED ABBRUZZESE, Appellant, v NEW YORK TEMPORARY STATE COMMISSION ON LOBBYING, Respondent. [840 NYS2d 482]—

Appeal from an order of the Supreme Court (Teresi, J.), entered October 3, 2006 in Albany County, which, inter alia, denied petitioner's application to quash a subpoena duces tecum issued by respondent.

Petitioner is a member of the Board of Directors of Friends of New York Racing, a not-for-profit corporation "formed to improve and sustain Thoroughbred racing and related businesses in New York state." Friends of New York Racing is itself a registered lobbyist, as is its president and chief operating offi-

cer. Respondent is charged with administering and enforcing the Lobbying Act (*see* Legislative Law § 1-d [c] [1]). Among its other powers, it is authorized to conduct investigations and issue subpoenas for persons and documents (*see* Legislative Law § 1-d [c] [2]). At issue is a June 2006 subpoena duces tecum issued by respondent requiring petitioner to produce certain documents. Supreme Court's order denying petitioner's motion to quash this subpoena and granting respondent's cross motion to compel compliance prompted this appeal. We now modify.

Respondent's initial inquiry in this matter was prompted by a newspaper article that reported that Senate Majority Leader Joseph Bruno had taken a private flight on December 1, 2005. An investigation into this flight thereafter raised concerns as to whether it was paid for by petitioner in violation of the Lobbying Act.* Although there is record evidence that petitioner ultimately did not pay for the flight, in the course of the investigation, additional information was obtained which raised new concerns of possible Lobbying Act violations regarding other flights. It was then that the subject subpoena was issued.

As noted by the Court of Appeals, "[a]n application to quash a subpoena should be granted only where the futility of the process to uncover anything legitimate is inevitable or obvious or where the information sought is utterly irrelevant to any proper inquiry" (*Anheuser-Busch, Inc. v Abrams*, 71 NY2d 327, 331-332 [1988] [citations and internal quotation marks omitted]). Succinctly stated, "[t]here must be authority, relevancy, and some basis for inquisitorial action" (*Matter of A'Hearn v Committee on Unlawful Practice of Law of N.Y. County Lawyers' Assn.*, 23 NY2d 916, 918 [1969], *cert denied* 395 US 959 [1969]; *accord Matter of New York State Commn. on Jud. Conduct v Doe*, 61 NY2d 56, 60 [1984]; *Matter of Goverl Consulting Corp. v New York Temporary State Commn. on Lobbying*, 113 AD2d 611, 614 [1986, Mahoney, P.J., dissenting], *revd on dissenting op of Mahoney, P.J.*, 68 NY2d 839 [1986]). Here, respondent has the requisite legal authority to conduct investigations and issue subpoenas (*see* Legislative Law § 1-d [c] [2]) and the information obtained in the course of respondent's initial investigation provided an adequate basis for respondent to inquire about possible violations of the Lobbying Act (*cf. Matter of Goverl Consulting Corp. v New York Temp. State Commn. on Lobbying, supra* at 614 [Mahoney, P.J., dissenting]; *New York Temporary State Commn. on Lobbying v Simmons*, 4 Misc 3d 749, 754 [2004]).

---

* Notably, petitioner concedes that respondent "may initially have had some basis to inquire about the December 1, 2005[ ] flight . . . [and petitioner's] financial involvement with same."

Finally, we cannot say that the information sought is "utterly irrelevant" to such inquiry (*Anheuser-Busch, Inc. v Abrams, supra* at 332). Thus, we must find that Supreme Court properly denied petitioner's motion.

However, to the extent that the requests are overly broad and may involve the disclosure of irrelevant communications, we find that all documents and e-mails should be submitted for in camera review by either Supreme Court or a referee appointed by the court, at the court's option, with only material and relevant information thereafter being produced (*see* CPLR 3104 [a]).

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by directing an in camera review of all requested documents and e-mails prior to disclosure, and, as so modified, affirmed.