■ In the Matter of ANONYMOUS, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH, STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [884 NYS2d 410]—

Order, Supreme Court, New York County (Nicholas Figueroa, J.), entered December 29, 2008, which, insofar as appealed from, denied petitioner physician's application to quash a subpoena issued by respondent State Board for Professional Medical Conduct seeking the complete medical records of certain of

petitioner's patients with HIV, and granted the Board's cross motion to compel compliance with the subpoena, unanimously modified, on the law, to direct that the disclosure be limited to such information as is relevant to the Board's investigation, that the court retain jurisdiction of the matter until such time as the parties reach agreement on the content of the disclosure, or the court rules thereon, that the individuals whose files are sought be given the opportunity to submit objections before the court, and otherwise affirmed, without costs.

Petitioner is a licensed physician whose practice focuses on the care and treatment of HIV and HIV-related conditions. In 2008 he received letters from the New York State Department of Health, Office of Professional Medical Conduct (OPMC), requesting medical and billing records for nine of his patients. Petitioner's attorney sent a letter to the Deputy Counsel of OPMC stating that the requested records contained confidential information falling within the protection of article 27-F of the Public Health Law, and that he was concerned about the confidentiality mandate of that article. In light of petitioner's dual obligations to cooperate with OPMC and to protect the confidentiality of this information, counsel requested guidance to assure that he did not act in violation of the Public Health Law.

Subsequently, respondent State Board for Professional Medical Conduct issued a subpoena seeking all records of the nine patients. Petitioner sent letters to each patient seeking consent to release the records, but none consented. Petitioner then commenced this proceeding, by order to show cause. He contended that the records sought contained confidential information protected under Public Health Law § 2782 (1), and that respondent was not contained within one of the statute's exceptions as a party to whom disclosure could be made.

Respondent answered that section 2782 (1) (g) permits disclosure to a health officer when mandated by federal or state law, and that section 2782 (6) permits such disclosure to a federal, state or local government agency which has oversight over a provider who possesses "confidential HIV related information." Respondent contended that the purpose of article 27-F, within which section 2782 is found, was to protect the privacy of persons seeking treatment for HIV or AIDS, not to prevent the timely investigation of physicians when professional medical misconduct is alleged.

Petitioner submitted affidavits from two patients in which they objected to the release of their records, and averred that they would not have made the same disclosures regarding

intimate details of their lives and behaviors, had they known that the information would not be kept confidential.

The court rejected petitioner's argument that respondent was not a federal, state or local health officer for the purposes of section 2782, and stated that a physician may not invoke patient privacy rights to shield himself from a misconduct investigation. It stated that the issue before it was not whether respondent had the power to issue the subpoena, but whether it demonstrated a foundation for it. It found that respondent met this burden with its in camera submission of a complaint concerning a matter respondent was under a duty to investigate. It denied the petition, granted the cross motion to compel, and directed that the file in this matter be sealed. Compliance has been stayed by this Court pending determination of the appeal.

Public Health Law § 230 (1) provides for the creation of a State Board for Professional Medical Conduct which is empowered to investigate misconduct as defined in Education Law §§ 6530 and 6531. Section 230 (10) (k) gives the Board the power to issue subpoenas requiring persons to appear before the Board, and section 230 (10) (*l*) authorizes the Board to examine and obtain records of patients in any investigation or proceeding by the Board when it acts within the scope of its authorization.

Section 2785 (2) of the Public Health Law permits disclosure of confidential HIV-related information upon an application showing, inter alia, a compelling need for disclosure of the information for the adjudication of a criminal or civil proceeding; upon application of a governmental health officer, where there is a clear and imminent danger to the public health; or where the applicant is lawfully entitled to the disclosure, and disclosure is consistent with the statute's provisions.

Our review of the confidential record in this matter impels the conclusion that the Board was acting within the purview of its legal authority when it issued the subpoena. Due to the confidential nature of the matter, the specifics of the alleged misconduct need not be addressed here, but the contents of the documents show the allegations of physician misconduct relate directly to the treatment of patients with HIV. The Board has met its burden of showing that it had a good faith basis to issue the subpoena (*see Matter of Levin v Murawski*, 59 NY2d 35, 41 [1983]), and has shown disclosure is warranted under section 2785 (2) (d).

The real issues, however, are not whether disclosure is mandated, but the extent of the disclosure, and whether the patients have any standing to challenge what part of their medical records can be produced. In this latter regard, in particular, the statute is anomalous.

For instance, section 2785 (4) (a) gives the individual whose confidential HIV information may be sought the right to notice of the application, and the opportunity to appear personally or by writing for the purpose of providing evidence. On the other hand, section 2785 (4) (c) specifically states, "Service of a subpoena shall not be subject to this subdivision." Review of the legislative history of the statute does not provide an explanation for the inapplicability of the subdivision to the issuance of subpoenas.

Notwithstanding this ambiguity, we note that section 2785 (6) (a) requires that disclosure be limited to that information which is necessary to fulfill the purpose for which the order is granted. It is thus obvious that the drafters did not authorize blanket and wholesale disclosure, simply because a legitimate investigation is being conducted. The statute makes clear that the disclosure is to be consistent with the aims of the investigation.

In recognition of the need for confidentiality in this matter, any disclosure order must provide for redactions of material that is not necessary for the conduct of the investigation and must otherwise comply with section 2785 (6). At this preliminary stage, the redacted material would include the names and identifying information of the patients whose files are sought (their files can be identified by code), as well as the names and identifying information of other individuals whose names might appear in the file. We caution, however, that the redaction of the names at this stage of the investigation should not be construed to mean the names are to be permanently redacted. There may be a point in the future when the needs, or the results, of the investigation warrant disclosure of certain identities to the OPMC by court order. Respondent also proffers no reason why personal information such as sexual history should be disclosed.

Furthermore, notwithstanding the apparent anomaly in the statute and because the records now are being provided by court order in response to a motion to compel, we direct that each of the nine patients whose files are being sought shall be given the opportunity before the court to submit any objections to the release of certain information in his or her file, and to request appropriate redactions. In weighing such objections the court must be mindful to balance the patients' privacy concerns with the nature of the investigation itself, which involves serious allegations.

Finally, the motion to change the caption of the proceeding to reflect anonymity, and to which respondent consents, is granted.

Motion to change caption granted. Concur—Mazzarelli, J.P., Sweeny, Nardelli, Freedman and Richter, JJ.