In the Matter of JOHN B. HOGAN, Appellant, v ANDREW M. CUOMO, as Attorney General of the State of New York, Respondent. [888 NYS2d 665]—

Kane, J. Appeals from two orders of the Supreme Court (Connolly, J.), entered September 19, 2008 and December 24, 2008 in Albany County, which denied petitioner's applications to quash a subpoena duces tecum and a subpoena ad testificandum issued by respondent.

Petitioner is receiving public pension benefits for his service as an attorney for multiple school districts between 1967 and 2000. During that time, he also maintained a private law practice. Respondent served petitioner with a subpoena duces tecum, pursuant to Executive Law § 63 (12) and State Finance Law § 190, demanding production of petitioner's documents including billing records, tax statements, and information concerning salary, compensation and pension benefits related to

his services for school districts.[1] Petitioner moved to quash the subpoena as outside respondent's authority, unsupported by a factual basis and overly broad (see CPLR 2304). Additionally, respondent served petitioner with a subpoena ad testificandum, which petitioner also moved to quash. Petitioner appeals from Supreme Court's denial of his motions to quash both subpoenas.

"An application to quash a subpoena should be granted [o]nly where the futility of the process to uncover anything legitimate is inevitable or obvious or where the information sought is utterly irrelevant to any proper inquiry" (Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 331-332 [1988] [internal quotation marks and citations omitted]; see Matter of Abbruzzese v New York Temporary State Commn. on Lobbying, 43 AD3d 518, 519 [2007]). The person challenging a subpoena bears the burden of demonstrating a lack of authority, relevancy or factual basis for its issuance (see Matter of Dairymen's League Coop. Assn., Inc. v Murtagh, 274 App Div 591, 595 [1948], affd 299 NY 634 [1949]).

Respondent has the authority to investigate potential fraud or illegality concerning the receipt of public pension benefits. Executive Law § 63 (12) expressly authorizes respondent to issue subpoenas in the course of an investigation into "repeated fraudulent or illegal acts." State Finance Law § 190 authorizes respondent to investigate possible violations of the False Claims Act, which could include the presentation of a fraudulent claim for public pension benefits (see State Finance Law § 189 [1] [a]; § 190 [1]; 13 NYCRR 400.2 [a]). Petitioner contends that the False Claims Act is inapplicable because it was enacted after petitioner began receiving pension benefits, it may not be applied retroactively and the statute of limitations has run (see State Finance Law § 192). As petitioner's continuing receipt of benefits could constitute a continuing fraud, the False Claims Act may apply and the statute of limitations may not have run. We need not definitively decide these issues or whether the False Claims Act applies retroactively; at this pre-action stage, we merely conclude that respondent possesses authority, pursuant to Executive Law § 63 (12) and State Finance Law § 190, to investigate and issue subpoenas related to potential fraud or illegality in obtaining public pension benefits.

As for relevance, respondent benefits from a presumption that he is acting in good faith and, thus, need only show that the documents he seeks bear some reasonable relationship to

1. Although the subpoena initially sought similar documents and information related to petitioner's private law practice, respondent withdrew those requests.

the subject matter of a legitimate investigation (*see Anheuser-Busch, Inc. v Abrams*, 71 NY2d at 332; *Matter of La Belle Creole Intl., S.A. v Attorney-General of State of N.Y.*, 10 NY2d 192, 196 [1961]; *Carlisle v Bennett*, 268 NY 212, 217-218 [1935]). The subpoenas here, as limited by respondent's withdrawal of certain requests, sought information that could clarify petitioner's status as either an employee or independent contractor of the school districts. This information was relevant to respondent's investigation into petitioner's receipt of public pension benefits. Although the request for documents dating from 1967 to the present is certainly broad, it was not overly broad or unduly burdensome considering the scope of the investigation covering petitioner's approved pension credits dating back to 1967.

Respondent had more than an adequate basis to issue the subpoenas here. The information forming the factual basis need not be sufficient to establish fraud or illegality, or even provide probable cause, as long as the futility of the process is not inevitable or obvious (*see Myerson v Lentini Bros. Moving & Stor. Co.*, 33 NY2d 250, 256-257 [1973]; *Matter of Edge Ho Holding Corp.*, 256 NY 374, 381-382 [1931]; *Matter of American Dental Coop. v Attorney-General of State of N.Y.*, 127 AD2d 274, 280 [1987]). A preliminary investigation provided respondent with a legal and factual basis to suspect that petitioner worked as an independent contractor—thus was not eligible for public pension benefits—rather than as an employee of the numerous school districts (*see e.g. Matter of Young v McCall*, 253 AD2d 997, 997-998 [1998]; *Matter of Mancuso v Regan*, 190 AD2d 948, 948-949 [1993]; *Matter of Brosnahan v New York State Employees' Retirement Sys.*, 174 AD2d 954, 954-955 [1991], *lv denied* 78 NY2d 858 [1991]; *Matter of Barbiero v New York State Employees' Retirement Sys.*, 92 AD2d 1078, 1078-1079 [1983]). The retirement system's records disclosed that petitioner was listed as an employee of as many as six school districts at the same time, while also operating a private law office. In the year after he retired as a public employee, petitioner continued supplying the same services to one school district, but as an independent contractor. Records also indicate that petitioner, as counsel, encouraged school districts to name him as an employee receiving a salary rather than paying a retainer to his law firm. In some instances, several school districts created an elaborate alliance to funnel money for legal services to one member district which then listed petitioner as an employee of that one district. Considering this and other information available to respondent, a legitimate factual basis exists for him to conduct his investigation and issue subpoenas to determine whether petitioner was

properly classified as an employee entitled to pension benefits and, if not, whether he engaged in illegal or fraudulent conduct to secure such benefits (*see Anheuser-Busch, Inc. v Abrams*, 71 NY2d at 332 [where legality of underlying conduct is arguable, respondent's power to investigate possible violations must be sustained]).[2]

Because there was "authority, relevancy, and some basis for inquisitorial action," Supreme Court properly denied petitioner's motions to quash the subpoenas (*Matter of A'Hearn v Committee on Unlawful Practice of Law of N.Y. County Lawyers' Assn.*, 23 NY2d 916, 918 [1969], *cert denied* 395 US 959 [1969]; *Matter of Roemer v Cuomo*, 67 AD3d 1169 [2009] [decided herewith]).

Rose, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.

**2.** Petitioner argues that respondent should be investigating the school districts rather than petitioner, because only employers can designate individuals as employees for pension purposes. This argument is unavailing. If the subjects of respondent's investigation—suspected of illegal or fraudulent conduct—were the school districts, respondent could still issue subpoenas for petitioner's records as part of that investigation.