■ In the Matter of JAMES W. ROEMER JR., Appellant, v ANDREW M. CUOMO, as Attorney General of the State of New York, Respondent. [888 NYS2d 669]——

McCarthy, J. Appeal from an order of the Supreme Court (Connolly, J.), entered February 17, 2009 in Albany County, which denied petitioner's application to quash a subpoena duces tecum issued by respondent.

As part of his investigation into the propriety of state retirement benefits awarded to professionals who provided services to school districts and local governments, respondent issued two

subpoenas duces tecum to petitioner, an attorney who maintained a private law practice while simultaneously providing services to various municipalities until his retirement in 2001. Respondent's focus on petitioner concerns whether petitioner was legitimately classified an "employee" entitling him to receive state retirement benefits based on work performed by petitioner and other individuals at his law firms. The subpoenas were issued pursuant to respondent's authority under Executive Law § 63 (12) and State Finance Law § 190. Petitioner successfully challenged the initial subpoena, which sought materials relating to petitioner's businesses and finances from January 1, 1971 to the present. By order dated September 12, 2008, Supreme Court found respondent's factual predicate for the first subpoena insufficient to support the demand for materials for the time period from 1971 to 1984 and the court quashed the subpoena. Respondent did not appeal from that order and, therefore, we have no occasion to consider it. Respondent subsequently issued the second subpoena, more specifically identifying the material sought and limiting the time period for which respondent now seeks documents from January 1, 1984 to the present. Petitioner's challenge to the second subpoena was unsuccessful and this appeal ensued.

It is well settled that an agency's investigative subpoena should not be quashed unless "the futility of the process to uncover anything legitimate is inevitable or obvious or where the information sought is utterly irrelevant to any proper inquiry" (*Anheuser-Busch, Inc. v Abrams*, 71 NY2d 327, 331-332 [1988] [internal quotation marks and citations omitted]; *see Matter of Abbruzzese v New York Temporary State Commn. on Lobbying*, 43 AD3d 518, 519 [2007]). The subpoena must, however, be issued pursuant to legitimate authority and seek relevant information, and there must be some factual basis for the inquisitorial action (*see Matter of A'Hearn v Committee on Unlawful Practice of Law of N.Y. County Lawyers' Assn.*, 23 NY2d 916, 918 [1969], *cert denied* 395 US 959 [1969]).

Respondent has authority to investigate potential fraud and illegality concerning the receipt of benefits from the public pension system, including efforts to misrepresent an independent contractor as an employee in order to qualify the individual for benefits (*see Matter of Hogan v Cuomo*, 67 AD3d 1144 [2009] [decided herewith]). Under the Executive Law, respondent has broad authority to investigate "repeated fraudulent or illegal acts" and "persistent fraud or illegality in the carrying on, conducting or transaction of business," and to issue subpoenas in connection with such investigations (Executive Law § 63

[12]; *see Matter of Napatco, Inc. v Lefkowitz*, 43 NY2d 884, 885 [1978]). Under the State Finance Law, respondent is similarly authorized to investigate violations of section 189, which imposes civil liability for submitting false statements or claims to the state or to local governments (*see* State Finance Law § 190; 13 NYCRR 400.2 [a]).[1] Accordingly, the subpoena was issued pursuant to legitimate authority. The subpoena being challenged herein seeks information relating to work for local governments performed by petitioner or his law firms and the compensation each received in exchange for such work, as well as information related to petitioner's retirement benefits. It is therefore relevant to the potential violations under investigation and ascertaining the amount of benefits improperly received, if any.

Finally, we find that respondent provided an adequate factual predicate upon which to focus this inquisitorial action upon petitioner. Respondent provided an attorney affirmation relating information volunteered from a confidential informant who had worked for petitioner's former law firm. That information indicated that much of petitioner's work for local governments was actually performed by other members of the law firm in the same manner as work was performed for other clients of the firm.[2] However, the firm received petitioner's salaries from the local governments, rather than payment for traditional retainers or billable hours, indicating that petitioner did not receive such salaries as an individual employee of the local governments.

Respondent enjoys a presumption that he is proceeding in good faith (*see Anheuser-Busch, Inc. v Abrams*, 71 NY2d at 332; *Matter of Pharmaceutical Socy. of State of N.Y. v Abrams*, 132 AD2d 129, 133 [1987]). "[A] motion to quash . . . raises only the issues of the authority of the investigating body and whether the inquiry falls within the scope of that authority" (*Matter of Nicholson v State Commn. on Jud. Conduct*, 50 NY2d 597, 610 [1980]) and, to be sustained, respondent "need only make a preliminary showing that the information sought is reasonably related to a proper subject of inquiry" (*id.* at 611). Information supplied by the confidential informant, whose identity respon-

1. Given respondent's clear authority to issue the subpoena pursuant to Executive Law § 63 (12), we need not address petitioner's claims regarding retroactivity and the statute of limitations under the False Claims Act at this time.

2. Respondent's affidavit also pointed out that similar allegations survived motions to dismiss in litigation arising from the dissolution of petitioner's former law firm (*see Featherstonhaugh v Roemer*, 279 AD2d 783, 783 [2001]; *Featherstonhaugh v Roemer*, 274 AD2d 646, 647 [2000]).

dent offered to disclose in camera to Supreme Court and whose general premise petitioner does not contest, was a sufficient basis upon which to proceed given the preliminary stage of the investigation into petitioner's receipt of retirement benefits (*see Matter of American Dental Coop. v Attorney-General of State of N.Y.*, 127 AD2d 274, 280 [1987]; *Matter of National Freelancers v State Tax Commn., Dept. of Taxation & Fin.*, 126 AD2d 218, 221-222 [1987], *lv denied* 70 NY2d 602 [1987], *appeal dismissed* 70 NY2d 795 [1987]).

We have reviewed petitioner's remaining contentions and found them to be without merit.

Rose, J.P., Kane, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.