■ In the Matter of the NEW YORK STATE BOARD OF ELECTIONS.— Order unanimously reversed, without costs, motions denied and subpoenas reinstated. Memorandum: The New York State Board of Elections appeals from an order which quashed various subpoenas duces tecum issued by the Board of Elections and served upon respondent Security Trust Company and five respondent officers. Special Term granted respondents' motion to quash on the ground that the subpoenas failed to give respondents sufficient notice of the scope of the investigation. The court stated that the subpoenas failed to disclose the propriety of the board's jurisdiction, the relevance of the documents sought, and the areas of the Election Law under which the alleged violations occurred. The lack of such information in the subpoenas however does not render them void *(Matter of La Belle Creole Int., S. A. v Attorney-General of State of N. Y.* 10 NY2d 192, 196; *Matter of Dawn Operators v Lyon,* 283 App Div 358, 361, app dsmd, 307 NY 673). Even when a subpoena is not legally sufficient upon its face, defects may be cured by an affidavit in opposition to a motion to quash *(Matter of La Belle Creole Int., S. A. supra;* Matter of Dawn Operators, supra; *Matter of Syracuse Cooperative Milk Distributors Bargaining Agency v Attorney-General of the State of N. Y.,* 13 Misc 2d 26). Reading the subpoenas in conjunction with the affidavit in opposition we find that the Board of Elections has given respondents sufficient notice of the scope of their investigation to require the respondents to comply. An agency asserting its subpoena power must show its authority, the relevancy of the items sought and some basis for inquisitorial action *(Matter of A'Hearn v Committee on Unlawful Practice of Law of N. Y. County Lawyers' Assn.,* 23 NY2d 916, 918). The factual basis required is dependent upon the breadth of the subpoena and the status of the investigation at the time the subpoena is issued *(Matter of A'Hearn, supra; Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250, 257–258). The Legislature has conferred upon the State Board of Elections "authority and responsibility for the execution and enforcement of all laws relating to the elective franchise." (Election Law, § 466.) General powers and duties conferred upon the State Board of Elections to carry out the provisions of article 16-A of the Election Law are in addition to the other enforcement powers and duties specified by law (Election Law, § 469). Clearly, the State Board of Elections is exercising powers and fulfilling duties specified by law (L 1974, ch 604, §§ 7, 10; Executive Law, § 69). Furthermore, the statement of the Secretary of State immediately under the title of chapter 604 of the Laws of 1974 is presumptive evidence that the law was certified as law by the presiding officers of each house of the State Legislature (Legislative Law, § 40). While such presumption may be overcome by production of the

original certificate showing that the law was not passed, such evidence has not been presented *(Rumsey v New York & New England R. R. Co.,* 130 NY 88). The relevance of the items sought is dependent upon the disclosed purpose of the State board's investigation. In this case the disclosed purpose is to investigate allegations of illegal corporate political contributions allegedly made by respondent Security Trust Company through its officers and directors. The documents sought are portions of minutes of corporate meetings and financial records relating to the payment of fees for attendance of certain officers. The State Board of Elections has also shown a sufficient factual basis for inquisitorial action. It has been provided through the Attorney-General's office, and the information received by the board indicated that respondent bank had made political contributions during 1973 and 1974 by paying fees to officers, including the subpoenaed officers. The information provided also indicated that the fees passed through the officers to a third party who made the contributions. In addition, the State Board of Elections has claimed that the unidentified individual providing the information was in a position to have direct knowledge of the events. The extent of the investigation to date has been preliminary in nature. However, the board has indicated the specific sections of the law which they believe to have been violated (Election Law, former § 460; Election Law, §§ 480, 482) and has named five individual respondents alleged to be participants. In addition, the board has indicated in its answering affidavit the specific manner in which the violations were alleged to have occurred. The scope of the subpoenas is limited by the fact that the records sought are only those relevant to the subjects of officer and director attendance at various meetings and fees paid to officers and directors for that attendance. Thus the scope of the subpoenas issued is commensurate with the extent of the investigation being conducted. Consequently, the factual basis provided by the board is sufficient to justify the issuance of the subpoenas. (Appeal from order of Monroe Special Term quashing subpoenas duces tecum.) Present—Marsh, P. J., Moule, Cardamone, Del Vecchio and Witmer, JJ.