OPINION OF THE COURT
Roger J. Miner, J.
In this proceeding the applicant seeks an order compelling Michael B. Schachter, M.D. to comply with a subpoena directing him to produce complete medical charts and records of each and every person treated by him or under his direction with drugs commonly known as laetrile or MA-7. Dr. Schachter cross-moves for dismissal of this proceeding, for transfer to Rockland County, for a stay and for denial of the motion. His cross motion includes a request that the subpoena be quashed.
The State Board for Professional Conduct, of which the applicant is Executive Secretary, is charged with the duty of investigating and hearing charges of professional misconduct *250 against physicians. (Public Health Law, § 230, subd 10.) In connection with this duty the executive secretary is vested with the authority, upon approval of the committee on professional conduct, to issue subpoenas and subpoenas duces tecum. (Public Health Law, § 230, subd 10, par [k].) The subpoena duces tecum which applicant seeks to enforce was issued with such approval. Patient records may be obtained by the board acting within the scope of its statutory authorization, and such records are protected by a provision for confidentiality. (Public Health Law, § 230, subd 10, par [1].)
In support of the request for enforcement of the subpoena, applicant alleges as follows: "Complaints received, as well as media reports of interviews with Doctor Schachter, together with other information obtained by the Office of Professional Medical Conduct allege or indicate that Doctor Schachter has adopted and utilized methods and procedures for the treatment of cancer with novel drugs and methods, including Laetrile, and he has made public claims that cancer patients have had their conditions improved as a result of this treatment. Other information indicates that Doctor Schachter is treating cancer patients with a secret formula called MA-7.”
Applicant also makes the following allegation: "The issue surrounding the investigation of Doctor Schachter does not include the question of a patient’s right to choose his form of treatment. However, the issue does concern the circumstances surrounding the diagnosis and the recommendation of the modality of treatment and the outcome thereof.”
Dr. Schachter asserts that he specializes in the practice of psychiatry, orthomolecular psychiatry, nutritional therapy and preventive medicine. He admits that his treatment of some patients includes the administration of laetrile (also referred to as amygdalin and B-17), but he denies the use of any "secret formula” known as MA-7.
"An agency asserting its subpoena power must show its authority, the relevancy of the items sought and some basis for inquisitorial action”. (Matter of New York State Bd. of Elections, 49 AD2d 806.) Although the applicant here has shown his authority to proceed, he has failed to demonstrate the relevancy of the items sought or the basis for the inquisitorial action. The fact that Dr. Schachter may be using "novel drugs and methods, including Laetrile” and that he has "made public claims” that cancer patients have improved under his treatment is insufficient to justify the broad inquiry *251 desired. Applicant does not show what specific professional misconduct the board proposes to investigate. The court is not informed how the activities of Dr. Schachter constitute matters subject to the board’s powers of inquiry in the public interest.
The complaints received, the media reports and "other information” do not form the necessary factual basis for the broad inquiry sought by petitioner since the complaints, reports and information are not described with specificity or by reference to individuals, subject matter or time frame. (Myerson v Lentini Bros. Moving & Stor. Co., 33 NY2d 250.) The factual basis required is dependent upon the breadth of the inquiry and the extent of the investigation preceding the subpoena. (Matter of A’Hearn v Committee on Unlawful Practice, 23 NY2d 916.) The information furnished to the court is inadequate to support any charge that Dr. Schachter is engaging in professional misconduct, and there is no allegation respecting the breadth of the inquiry or the extent of the preceding investigation.
Although the motion is denied and the cross motion to quash is granted for the reasons stated, the right will be reserved to applicant to renew his motion or begin a new proceeding to compel compliance upon a sufficient showing. In view of the foregoing it is not necessary to pass upon the other issues raised by Dr. Schachter.