In the Matter of CITY OF NEWBURGH, Petitioner, v HAROLD R. NEWMAN et al., Respondents.

Third Department, November 8, 1979

## APPEARANCES OF COUNSEL

*Van DeWater & Van DeWater (Gerard J. Comatos* of counsel), for petitioner.

*Martin L. Barr (Anthony Cagliostro* of counsel), for Harold R. Newman and others, constituting the New York State Public Employment Relations Board, respondents.

*Peter E. Bloom* for John E. Brady, Jr., and another, respondents.

## OPINION OF THE COURT

STALEY, JR., J.

On February 17, 1978, respondent John E. Brady, Jr., the president of the Patrolmen's Benevolent Association of Newburgh, Inc. (P.B.A.), and a member of the Newburgh Police Department, filed an improper practice charge against the Police Commissioner of the City of Newburgh alleging that the public employer had committed an improper practice by questioning a union officer, Brady, regarding his observations of and communications with a union member who had sought advice and assistance concerning disciplinary charges being made against him. Brady is also a member of the union's grievance committee.

After the answer was filed, a hearing was scheduled, but the parties agreed to have the hearing officer render a decision based upon an agreed statement of facts. The hearing officer rendered a decision on August 10, 1978 dismissing the charge. Upon review, the Public Employment Relations Board, on December 14, 1978, reversed the decision of the hearing officer, finding a violation of section 209-a (subd 1, par [a]) of the Civil Service Law and ordered "the City of Newburgh to (1) cease and desist from questioning John E. Brady, Jr. and other appropriate P.B.A. officials about information obtained by them in the course of assisting unit employees who may be involved in disciplinary or grievance procedures and that the City refrain from considering any information in determining the misconduct charges against Officer Potter and (2) post notices supplied by this Board on bulletin boards normally used to communicate with unit employees."

On January 12, 1979, petitioner, the City of Newburgh, commenced this proceeding to review the determination of the Public Employment Relations Board, alleging that "the determination of PERB in the aforesaid Board Order and Decision

is affected by an error of law insofar as it holds that Section 209-a (1)(a) of the Civil Service Law prohibits inquiry into observations and communications of officers of a municipal union who are witnesses in disciplinary investigations concerning municipal employees."

The facts are undisputed. In the early morning hours of January 1, 1978, Officer James Potter, a member of the Patrolmen's Benevolent Association of Newburgh, Inc. was charged with being intoxicated while on duty. Respondent Brady was contacted by telephone at his home by Officer Rocco Damiano, who had been charged with insubordination. As a result of this telephone call, respondent Brady and Peter E. Bloom, the counsel to the P.B.A., went to police headquarters and discussed the charges with Officers Potter and Damiano. Thereafter, respondent Brady, who was not on duty, returned home.

On February 13, 1978, in preparation for a disciplinary hearing relative to the charges against Officer Potter, Deputy Commissioner Theodore Tomita ordered respondent Brady to answer certain questions concerning the observations he made of Officer Potter's condition and communications he had with Officer Potter on the morning of January 1, 1978. Although respondent Brady advised Deputy Commissioner Tomita that such an order constituted an unfair labor practice, Tomita continued to order respondent Brady to answer the questions, which he did.

In reaching its decision, the respondent board said: "There is a distinction between the authority of a public employer to deny an employee the opportunity of union representation during the investigative stage of a contemplated disciplinary action, and its authority to interfere with an employee's opportunity to consult with his union about anticipated charges. Such an interference occurred in the instant case, and it is a violation of § 209-a.1(a) of the Taylor Law."

The board also held that it is the responsibility of the recognized or certified negotiating representative to advise unit employees regarding contractual and statutory rights relating to an anticipated charge, stating that: "An aspect of the right of public employees to organization and representation is the privilege of consulting with appropriate union officials as to matters affecting them as employees. Such consultations are in the nature of internal communications and, like other internal union affairs, they may be deemed

confidential by the union and the employees. To invade that confidentiality tends to inhibit the employees from seeking the advice of their union representatives as to matters affecting their interest and similarly to deter the representatives from proffering advice, if sought. Thus, questioning by responsible representatives of an employer as to private internal union affairs such as events transpiring during discussions relating to the rights of employees in the face of anticipated disciplinary charges interferes with the full measure of the protected right of organization and representation accorded by the Taylor Law."

Petitioner asserts that the Taylor Law rights of any individual employee cannot bar properly motivated questioning of a union officer who witnessed the condition of a police officer on the morning when charges against the officer arose, and there is no violation of an employee's Taylor Law rights when a public employer legitimately exercises its supervisory power over its employees, which includes the duty to investigate charges of alleged police misconduct.

Section 202 of the Civil Service Law provides: "Public employees shall have the right to form, join and participate in, or to refrain from forming, joining, or participating in, any employee organization of their own choosing."

Section 203 of the Civil Service Law provides: "Public employees shall have the right to be represented by employee organizations to negotiate collectively with their public employers in the determination of their terms and conditions of employment, and the administration of grievances arising thereunder."

Section 209-a of the Civil Service Law provides, in part, as follows: "1. * * * It shall be an improper practice for a public employer or its agents deliberately (a) to interfere with, restrain or coerce public employees in the exercise of their rights guaranteed in section two hundred two for the purpose of depriving them of such rights".

Under the limited scope of judicial review, where the question is whether the administrative agency made a correct legal interpretation, the board's interpretation is to be accepted if it is legally permissible and not unreasonable *(Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46). It cannot be said that the board's findings here are not legally permissible or are unreasonable. Questioning of a union official as to his observations and communications with a union

member facing disciplinary proceedings, if permitted, would tend to deter members of the union from seeking advice and representation with regard to pending charges, thereby seriously impeding their participation in an employee organization.

While petitioner argues that the questioning was not engaged in for the purpose of depriving respondent Brady of his Taylor Law rights, the effect was to interfere with such rights. Here, the questioning was deliberate after respondent Brady asserted that the questioning constituted an unfair labor practice, and petitioner has not shown the necessity of questioning Brady, other than to further bolster its case against Officer Potter. The board could, therefore, properly infer that such questioning was presumed to have been engaged in for the purpose of depriving the policemen of their rights to organize.

Petitioner's contention that the board's decision creates a common-law privilege on a par with that of attorney-client is without merit. Any privilege established by the decision of the board is strictly limited to communications between a union member and an officer of the union, and operates only as against the public employer, on a matter where the member has a right to be represented by a union representative, and then only where the observations and communications are made in the performance of a union duty. The purpose is the protection of the right to fully participate in an employee organization, with the full benefits thereof and inquiries such as the one herein would seriously hamper such participation.

The determination should be confirmed, and the petition dismissed, with one bill of costs to respondents filing briefs.

MAHONEY, P. J., GREENBLOTT, MAIN and MIKOLL, JJ., concur.

Determination confirmed, and petition dismissed, with one bill of costs to respondents filing briefs.