■ JANET D'ELENA et al., Respondents, v ELSIE I. STOUTER, Individually and as Administratrix of the Estate of BRUCE STOUTER, Deceased, et al., Appellants. — Order of the Supreme Court, Kings County, dated August 13, 1980 affirmed, without costs or disbursements (see *Kalman v Neuman,* 80 AD2d 116). Hopkins, J.P., Titone, Rabin and Weinstein, JJ., concur.

■ MARY DOE et al., Respondents, v STATE BOARD OF PROFESSIONAL MEDICAL CONDUCT OF THE STATE OF NEW YORK et al., Appellants, et al., Defendant. — Appeal from so much of an order of the Supreme Court, Rockland County, entered March 5, 1979, as quashed a subpoena duces tecum directing the petitioners' physician to produce the petitioners' medical records. Order reversed insofar as appealed from, on the law, without costs or disbursements, the second decretal paragraph is deleted and the complaint is dismissed. The petitioners are patients of a physician who was directed by the State Board of Professional Medical Conduct, pursuant to a subpoena duces tecum, to produce, *inter alia,* the medical records of patients who had been treated with Laetrile. The subpoena was issued so that the State board could investigate complaints that the physician had misdiagnosed cancer and prescribed Laetrile as a cure. After several formal and informal unsuccessful attempts by the physician and his patients to quash the subpoena, the State board moved in the Supreme Court, Albany County, to enforce compliance. The physician appeared therein and cross-moved to quash. One week later, several patients of the doctor brought a class action in the Supreme Court, Rockland County, also to quash the subpoena. The State board cross-moved to consolidate this action with the Albany County proceeding. Thereafter, the Albany County Supreme Court issued a decision granting the physician's cross motion to quash the subpoena. (See *Matter of Murawski [Schachter],* 95 Misc 2d 249.) Notice of the decision was not provided to the Rockland County Supreme Court which, one day later, issued a preliminary decision denying the cross motion to consolidate and requesting supplemental affidavits concerning the complaints made to the State board. The Albany County order was subsequently entered. Again no notice was provided to the Supreme Court, Rockland County, which thereafter issued an order quashing the subpoena which had already been quashed in Albany. That portion of the Rockland County order quashing the subpoena is void. A subpoena can be quashed but once. Since no subpoena was in existence after the Albany County order was entered, there was no justiciable controversy before the Supreme Court, Rockland County, at the time that its order was entered. Mollen, P.J., Titone, Mangano and O'Connor, JJ., concur.