■ In the Matter of ROBERT ABRAMS, Appellant, v DONALD THOMPSON, Respondent.—In a proceeding to compel compliance with a subpoena issued pursuant to Executive Law § 63 (12), the petitioner appeals from (1) so much of a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered May 1, 1987, as, in granting the application, granted it only to the extent of directing the respondent to comply with the subpoena insofar as it requested documents concerning the nine transactions named in the petitioner's supporting papers; and (2) an order of the same court, entered September 22, 1987, which denied his motion to reargue and renew the application.

Ordered that the judgment entered May 1, 1987, is reversed insofar as appealed from, on the law, and the application is granted in its entirety; and it is further,

Ordered that the respondent's time to comply with the subpoena duces tecum is extended until 60 days after service upon him of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the appeal from the order entered September 22, 1987, is dismissed, as academic, in light of our determination of the appeal from the judgment entered May 1, 1987; and it is further,

Ordered that the petitioner is awarded one bill of costs.

As a result of a series of consumer complaints concerning the respondent's home improvement business, the petitioner, on or about February 25, 1987, issued a subpoena duces tecum upon the respondent pursuant to Executive Law § 63 (12) requesting, *inter alia,* the production of a list of respondent's customers, the terms of their contracts and the moneys paid and services rendered in connection therewith from January 1, 1985, to the present. Following the respondent's failure to comply with the subpoena, the petitioner brought the instant proceeding to compel compliance. In support of its application,

the petitioner submitted copies of nine consumer complaints it had received relating to the respondent's business. The Supreme Court granted the petitioner's motion only to the extent of directing that the respondent comply with the subpoena insofar as it requested documents concerning the nine consumer transactions named in the petitioner's supporting papers. The petitioner thereafter moved to reargue and renew the application, maintaining that the nine consumer complaints previously identified were only a sampling of numerous complaints he had received concerning the respondent's business. Moreover, the petitioner asserted that he had a duty to protect the public in general and not just these nine specific consumers against potential fraudulent practices by the respondent. The Supreme Court denied the petitioner's motion.

We conclude that the Supreme Court erred in restricting the respondent's obligation to respond to the petitioner's subpoena duces tecum to the nine transactions identified by the petitioner. A subpoena issued by the Attorney-General should be limited or quashed only where the information sought is "utterly irrelevant to any proper inquiry" (*Matter of Dairymen's League Co-op. Assn. v Murtagh*, 274 App Div 591, 595, *affd* 299 NY 634; *Matter of La Belle Creole Intl. v Attorney-General of State of N. Y.*, 10 NY2d 192, 196). As noted in our companion case, *Matter of Abrams v Thruway Food Mkt. & Shopping Center* (147 AD2d 143), the Attorney-General enjoys a presumption that he is acting in good faith and must only establish that the materials sought are reasonably related to the subject matter under investigation and to the public purpose to be achieved.

In the case at bar, we find that the petitioner adequately established that the materials requested in the subpoena duces tecum were related to the series of consumer complaints he had received which indicated probable illegal business practices and consumer fraud perpetrated by the respondent. Accordingly, in the absence of any evidence to the contrary, the Supreme Court acted improvidently in limiting the scope of the petitioner's subpoena. Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.