[615 NYS2d 481]

In the Matter of CITIZENS HELPING ACHIEVE NEW GROWTH AND EMPLOYMENT—NEW YORK, INC., Appellant, v NEW YORK STATE BOARD OF ELECTIONS, Respondent.

Third Department, August 4, 1994

## APPEARANCES OF COUNSEL

*Thomas J. Spargo,* East Berne, for appellant.

*Jeffrey D. Wait* and *Stanley L. Zalen,* Albany, for respondent.

## OPINION OF THE COURT

WEISS, J.

Respondent had received substantiated complaints prior to the 1992 State general election alleging that petitioner (and organizations affiliated with it) is a political committee subject to the Election Law, and determined that an investigation was warranted. On June 7, 1993 respondent issued subpoenas duces tecum to petitioner and petitioner's bank designed to obtain documents and information deemed basic to the investigation. In an action in Federal District Court, petitioner successfully challenged the subpoenas and obtained an order enjoining the subpoenas and declaring them to be overbroad as a matter of law. District Court found present the possibility that the names of contributors to, or members in, petitioner would be revealed and that such revelation would be an abridgement of their associational freedoms under the 1st Amendment.

On August 27, 1993, respondent issued an amended subpoena duces tecum solely to petitioner which specifically stated that it did not "seek disclosure of any document that reveals the identity of a contributor to, or member of, [petitioner]". Petitioner promptly obtained an order to show cause seeking to restrain, enjoin and quash the new subpoena duces tecum. Supreme Court denied the motion and instead granted respondent's CPLR 2308 (b) cross motion to compel compliance. This appeal by petitioner ensued.

We first consider the validity of the subpoena by inquiry into the threshold question of whether respondent had authority to issue it and, if so, whether the issuance was shown to have been sufficiently justified *(see, Matter of Nicholson v State Commn. on Judicial Conduct,* 50 NY2d 597, 610-611; *see also, Matter of Goldberg v Axelrod,* 104 AD2d 520, *lv denied* 64 NY2d 602). The Legislature has conferred upon respondent

the "power to issue subpoenas or subpoenas duces tecum * * * for the purpose of investigating any matter within [its] jurisdiction" (Election Law § 3-107; *see,* 9 NYCRR 6203.1; *Matter of New York State Bd. of Elections,* 49 AD2d 806). To sustain the subpoenas, respondent need only make a preliminary showing that the information sought is reasonably related to the proper subject of inquiry *(see, Matter of Nicholson v State Commn. on Judicial Conduct, supra,* at 611; *see also, Matter of Sussman v New York State Organized Crime Task Force,* 39 NY2d 227, 231; *Matter of La Belle Creole Intl. v Attorney-General of State N. Y.,* 10 NY2d 192). We agree with the premise that all that is required is that the scope of the subpoena and the basis for its issuance be more than isolated or rare complaints by disgruntled persons *(see, Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250, 257), clearly not the situation here.

Even as the authority to issue the subpoena is crystal clear, so also is the justification for the issuance in this instance. Petitioner has predicated its challenge upon the assertion that it is not a political committee, an argument which begs the question. Whether petitioner is or is not a political committee as defined by Election Law § 14-100 (1) is the very issue to be determined, ergo, the relevancy of the purpose for the issuance of a subpoena duces tecum (Election Law § 3-104 [2]; *see, Matter of Erb Strapping Co. v Waterfront Commn.,* 31 AD2d 101; *see also, Matter of Nicholson v State Commn. on Judicial Conduct, supra,* at 608; *Matter of New York State Bd. of Elections, supra).* The documents sought should assist in determining whether petitioner conducted any financial or other activities evidencing participation in the election, or defeat, of a candidate for election to public office in the 1991 or 1992 State general elections *(see,* Election Law § 14-100 [1]). Documents unrelated to an election campaign are not sought. Rather, the subpoenaed records bear a reasonable relationship to the subject matter under investigation and the public interest being served *(see, Myerson v Lentini Bros. Moving & Stor. Co., supra,* at 256). We conclude that considering the status of the investigation, the breadth of the subpoena is neither excessive nor without a factual basis *(see, supra,* at 257-258).

Finally, we find the challenge on constitutional grounds to be unpersuasive. We are in full accord with the need for the preservation of the 1st Amendment liberties of freedom of association and political expression and to preclude the poten-

tial for chilling the free exercise of the freedoms guarded by the 1st Amendment *(see, Federal Election Commn. v Machinists Non-Partisan Political League,* 655 F2d 380, 396, *cert denied* 454 US 897). Nor can it be gainsaid that the implication of 1st Amendment rights calls for more exacting scrutiny of the justification offered for the subpoena *(see, Federal Election Commn. v Larouche Campaign,* 817 F2d 233, 234). It has been held that " '[n]either the right to associate nor the right to participate in political activities is absolute' " *(Buckley v Valeo,* 424 US 1, 25, quoting *Civil Serv. Commn. v Letter Carriers,* 413 US 548, 567) and "[e]ven a ' "significant interference" with protected rights of political association' may be sustained if the State demonstrates a sufficiently important interest and employs means closely drawn to avoid unnecessary abridgment of associational freedoms" *(Buckley v Valeo, supra,* at 25, quoting *Cousins v Wigoda,* 419 US 477, 488). We find that the subpoena at issue here comports with the level of scrutiny required to protect the described constitutional freedoms. While the need to ensure fair elections and to deter corruption in the elective process by exposure of improper contributions is well recognized, we find that respondent has complied with the need to protect basic constitutional rights by specifically excluding from the subpoena any document identifying contributions to or members of petitioner.

CARDONA, P. J., CREW III, CASEY and PETERS, JJ., concur.

Ordered that the order is affirmed, without costs.