■ In the Matter of MONTE SACHS, Respondent-Appellant, v NEW YORK STATE RACING AND WAGERING BOARD, Appellant-Respondent. [642 NYS2d 440] —Peters, J. Cross appeals from an order of the Supreme Court (Torraca, J.), entered February 14, 1995 in Sullivan County, which partially granted petitioner's motion pursuant to CPLR 2304 to quash a subpoena duces tecum issued by respondent.

Petitioner is a veterinarian with an extensive race horse veterinary practice who is licensed by respondent to provide services for horses participating in races related to pari-mutuel betting pursuant to 9 NYCRR 4101.24 (b). On September 12, 1994, in furtherance of an investigation into the administration of prohibited drugs to race horses, respondent served petitioner with a subpoena duces tecum requiring him to produce for inspection: "Any and all records relating to the care, treatment, or examination of * * * harness race horses in training for competition at the Monticello Raceway and Yonkers Raceway[ ] during the period from August 17, 1994,

up to and including September 2, 1994, including but not limited to billing records, treatment records, worksheets of treatment records and examinations". Respondent commenced this investigation when, following routine drug tests at Monticello Raceway of three randomly selected horses during the applicable period, it was discovered that improper drugging had occurred.[1]

Petitioner thereafter commenced this proceeding to quash the subpoena, claiming, *inter alia*, that it was overbroad, nonspecific, beyond the scope of respondent's authority, and might cause economic harm to his practice or expose him to civil liability. Supreme Court subsequently issued a decision modifying the subpoena so that petitioner would only be required to provide the data listed in 9 NYCRR 4120.9 (a)[2] for the applicable time period. These cross appeals ensued.[3]

It is apparent from an examination of the record that the principal dispute between the parties involves the issue of petitioner's billing records during the relevant time period. Petitioner denies that he treated any of the horses that tested positive for improper drug use during the subject time period and maintains that respondent's request for this information was so broad that it "might too easily subject innocent parties to administrative abuse" (*Myerson v Lentini Bros. Moving & Stor. Co.*, 33 NY2d 250, 260). Nevertheless, we must agree upon review of the record that respondent, which has broad regulatory and investigative powers in this area (*see, e.g.,* Racing, Pari-Mutuel Wagering and Breeding Law § 301 [2] [b]; 9 NYCRR 4119.7), sufficiently demonstrated that the requested information "is reasonably related to the proper subject of inquiry" (*Matter of Citizens Helping Achieve New Growth & Empl.—N. Y. v New York State Bd. of Elections*, 201 AD2d 245, 247, *lv denied* 84 NY2d 811; *see, Matter of Nicholson v State Commn. on Judicial Conduct*, 50 NY2d 597, 611).

Specifically, respondent's assistant counsel averred that an inquiry by the Board "provided an indication through review of post-race drug testing that horses have received proscribed drugs prior to racing during the relevant time period, yet such

---

1. Respondent sought records from treatments at both Yonkers and Monticello Raceways because horses racing at Monticello were routinely stabled and treated at Yonkers.

2. 9 NYCRR 4120.9 (a) requires veterinarians to keep records disclosing the name of race horses treated, the nature of the horses' ailments, the type of treatment prescribed and the dates and times of such treatment.

3. Although petitioner filed a notice of appeal, he requests no modifications in his brief and urges this Court to affirm Supreme Court's order.

horses do not appear on the treatment lists of any veterinarians. Review and comparison of billing records relating to the disclosed and recorded treatments provided by veterinarians may provide information regarding these apparent discrepancies." Thus, petitioner's claim that the billing records would be irrelevant is not persuasive, nor is the allegation of overbroadness. The subpoena relates only to a narrow time frame of 16 days to an individual conducting an extensive veterinary practice at the relevant raceways. Significantly, pursuant to 9 NYCRR 4119.7 (d), petitioner has a duty to, *inter alia*, produce "any books, records, written matter or *other evidence within his possession or control* relevant to [an investigation]" (emphasis supplied). Consequently, we reject Supreme Court's ruling that the pertinent records could only be disclosed upon a showing that these records relate "to some specific wrongdoing that either [petitioner or respondent] is aware of".

Mercure, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted petitioner's motion; motion denied to that extent; and, as so modified, affirmed.