Carpinello, J .
Appeal from an order of the Supreme Court (Sheridan, J.), entered August 28, 2002 in Albany County, which denied petitioners’ motion pursuant to CPLR 2308 (b) to compel respondents to comply with certain subpoenas duces tecum.
*830 This appeal arises from the denial of a motion to compel compliance with subpoenas issued in the course of petitioners’ investigation of the St. Jude Retreat House, a residential alcohol and drug recovery facility located in the Town of Hagaman, Montgomery County. Petitioner New York State Office of Alcohol and Substance Abuse Services (hereinafter OASAS) initially determined that the Retreat House did not provide alcoholism or substance abuse services based on information provided by the Retreat House. It subsequently commenced an investigation of the matter, however, after a review of the Retreat House’s Internet Web site and other materials, including a patient complaint and report of a resident’s death, suggested that it indeed might be providing services for which state certification was required.
In the course of the investigation, petitioner Commissioner of Alcoholism and Substance Abuse Services (hereinafter petitioner) issued subpoenas duces tecum demanding that respondents produce all documents related to the operation of the Retreat House, as well as an affiliated financing company and apparent umbrella organization, for the period January 1998 through July 2001. Respondents refused to comply, and Supreme Court (Malone, Jr., J.) found that the subpoenas were overbroad and denied petitioners’ CPLR 2308 (b) motion to compel compliance. Petitioner then issued new subpoenas seeking specific categories of documents for three one-week periods. When respondents again refused to comply, petitioners brought the instant motion to compel. Supreme Court found that the new subpoenas were still overbroad and lacked a sufficient factual basis in that petitioners had failed to show how the Retreat House’s programs had changed since OASAS’s earlier determination that certification was not required. Accordingly, Supreme Court denied the motion, and petitioners appeal.
In order to enforce these subpoenas, petitioner was required only to demonstrate her authority to investigate and issue subpoenas, the factual basis underlying this investigation and the relevance of the documents being sought (see Matter of Levin v Murawski, 59 NY2d 35, 40-41 [1983]; Matter of A’Hearn v Committee on Unlawful Practice of Law, 23 NY2d 916, 918 [1969], cert denied 395 US 959 [1969]; Matter of National Freelancers v State Tax Commn., 126 AD2d 218, 220 [1987], lv denied 70 NY2d 602 [1987]). To this end, petitioner “need only make a preliminary showing that the information sought is reasonably related to a proper subject of inquiry” (Matter of Nicholson v State Commn. on Jud. Conduct, 50 NY2d 597, 611 [1980]).
*831 Pursuant to Mental Hygiene Law article 32, petitioner is authorized “to conduct investigations into the operations of providers of services which are required ... to have operating certificates” (Mental Hygiene Law § 32.13), including residential programs providing “care, custody, or treatment of persons suffering from chemical abuse or dependence” (Mental Hygiene Law § 32.05 [a] [1]). In that regard, she is empowered to obtain and examine records and other information in furtherance of those investigations (see Mental Hygiene Law § 32.15 [a]). Respondents maintain that petitioner does not have the authority to investigate the Retreat House because it does not provide alcohol or substance abuse services. This argument, however, “begs the question” inasmuch as petitioner’s investigation is for the very purpose of determining the nature of the Retreat House’s program and services (Matter of Citizens Helping Achieve New Growth & Empl.—N.Y. v New York State Bd. of Elections, 201 AD2d 245, 247 [1994], lv denied 84 NY2d 811 [1994]).
Certainly, the Retreat House’s Internet Web site suggests that its services might fall within OASAS’s purview. The Retreat House and its affiliates described themselves as offering a “a solution for drug and alcohol problems” that teaches residents “how to get sober and drug free and how to stay that way.” According to the Web site, program participants not only follow the Retreat House’s “recovery methodology,” but can also receive drug screening, breathalyzer testing and medical, psychiatric and. detoxification consultations for additional fees. In our view, this and other evidence in the record provides a sufficient factual basis for petitioner’s investigation (see Matter of Levin v Murawski, supra at 41; Myerson v Lentini Bros. Moving & Stor. Co., 33 NY2d 250, 258 [1973]). Further, the documents being sought, which include operating policies and procedures and records of services provided by the Retreat House and its affiliates during three one-week periods, are reasonably related to petitioner’s investigation (see Matter of New York State Commn. on Jud. Conduct v Doe, 61 NY2d 56, 61 [1984]; Matter of Sachs v New York State Racing & Wagering Bd., 227 AD2d 802, 803 [1996]; Matter of Citizens Helping Achieve New Growth & Empl.—N.Y. v New York State Bd. of Elections, supra at 247). In our view, petitioners have made a sufficient showing to sustain the subpoenas and, thus, their motion to compel compliance with same should have been granted.
Cardona, P.J., Peters and Kane, JJ., concur. Ordered that the order is reversed, without costs, and motion granted.