■ In the Matter of N., Respondent, v ANTONIA C. NOVELLO, as Commissioner of the New York State Department of Health, et al., Appellants. [787 NYS2d 379]—

In a proceeding pursuant to CPLR article 78 to quash a subpoena duces tecum dated July 10, 2003, Antonia C. Novello, Commissioner of the New York State Department of Health, and the New York State Department of Health appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Polizzi, J.), dated November 13, 2003, as denied those branches of their motion which were to dismiss the petition and to compel compliance with items 2 through 11 of the subpoena, and as granted those branches of the petition which were to quash items 2 through 11 of the subpoena.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The State Board for Professional Medical Conduct (hereinafter the Board), conducting an investigation pursuant to Public Health Law § 230 (10), served a subpoena duces tecum upon the petitioner, a doctor, demanding production of certain material, and the petitioner commenced this proceeding pursuant to CPLR article 78 to quash the subpoena.

In determining whether to quash a subpoena duces tecum, a court must determine, among other things, whether the documents sought by the subpoena were relevant to the investigation (*see Matter of Miller v Waters,* 1 AD3d 829, 830 [2003]; *Matter of Abrams v Thruway Food Mkt. & Shopping Ctr.,* 147 AD2d 143, 146 [1989]). If the relevance of the subpoena is challenged, it is incumbent upon the issuer to come forward with a factual basis establishing the relevance of the documents sought to the investigation (*see Matter of New York City Dept. of Investigation v Passannante,* 148 AD2d 101, 104 [1989]; *McGrath v State Bd. for Professional Med. Conduct,* 88 AD2d 906 [1982], *affd* 59 NY2d 35 [1983]). The issuing agency need only establish that the material sought bears a reasonable relation to the matter under investigation (*see Matter of Abrams v Thompson,* 150 AD2d 679, 680 [1989]), and the subpoena will be upheld unless the information sought is utterly irrelevant to any proper inquiry (*see Anheuser-Busch, Inc. v Abrams,* 71 NY2d 327, 332 [1988]; *Myrie v Shelley,* 237 AD2d 337, 338 [1997]). However, this is not to say that the appellants may subpoena any information they choose in the hope of finding evidence of a violation of law. "It is ancient law that no agency of government may conduct an unlimited and general inquisition into the affairs of persons within its jurisdiction solely on the prospect of possible violations of law being discovered, especially with respect to subpoenas duces tecum" (*Matter of A'Hearn v Committee on Unlawful Practice of Law of N.Y. County Lawyers' Assn.,* 23 NY2d 916, 918 [1969], *cert denied* 395 US 959 [1969]). The materials sought in items 2 through 11 of the subpoena duces tecum were not related to the complaints contained in the confidential report submitted to the Supreme Court and reviewed by this Court (*see Atkins v Guest,* 201 AD2d 411, 412 [1994]), but instead sought general information regarding any possible other wrongdoing by the petitioner (*see Detroit Diesel Corp. v Attorney Gen. of State of N.Y.,* 269 AD2d 1 [2000]; *Oak Beach Inn Corp. v Town of Babylon,* 239 AD2d 568 [1997]). Therefore, the Supreme Court properly quashed the subpoena insofar as those items were concerned and properly denied the

appellants' motion to compel compliance with the subpoena concerning those items. Florio, J.P., Goldstein, Smith and Fisher, JJ., concur.