[909 NYS2d 339]

In the Matter of SUFFOLK COUNTY ETHICS COMMISSION, Petitioner, to Compel Compliance with a Subpoena Duly Issued and Served on CHERYL A. FELICE, Respondent.

Supreme Court, Suffolk County, October 9, 2010

### APPEARANCES OF COUNSEL

*Leventhal & Sliney, LLP*, Roslyn, for petitioner. *O'Dwyer & Bernstien, LLP*, New York City, for respondent.

### OPINION OF THE COURT

Thomas F. Whelan, J.

It is ordered that the petition (No. 001) served and filed in this special proceeding to compel respondent's compliance with

a subpoena issued by the petitioner is considered under CPLR 2308 and is granted.

The petitioner commenced this special proceeding pursuant to CPLR 2308 for an order and judgment directing the respondent to comply with a March 4, 2010 subpoena issued by the petitioner. The subject subpoena commanded the respondent, the president of a Suffolk County municipal employees' union, to appear before the Suffolk County Ethics Commission on March 23, 2010 and give testimony relative to its investigation of services provided by a former county employee to the respondent's union on or after December of 2007. The subpoena further commanded the respondent to produce any and all records and correspondence in her possession or in the possession of the union, by and between the respondent, other union officials and the former county employee, relative to the union's retention of the former county employee.

On August 31, 2010, the petitioner obtained an order to show cause (Garguilo, J.), which served as the process paper in this special proceeding. The order directed the respondent to produce, on the return date of such order, all records in her possession or control that were responsive to the subpoena.

The respondent opposes the petitioner's demands for relief. Although some of the respondent's submissions refer to her interposition of a cross motion to quash the subject subpoena, no notice of cross motion was filed with the court. In addition to the submission of her opposing papers, the respondent has submitted the documentation called for by the August 31, 2010 order to show cause to this court under separate cover. The respondent has not provided copies thereof to the petitioner as she requests that all of the records so supplied remain unavailable to the petitioner until such time as the court has ruled, after an in camera inspection thereof, that the petitioner is entitled to one or more such records.

Underlying the petitioner's demands for relief are allegations that the petitioner is a county government commission charged with the responsibility, among other things, of investigating alleged violations of local laws pertaining to ethics. The petitioner further alleges that it is authorized to try, hear and determine matters within its jurisdiction and to issue subpoenas in conjunction therewith. The petitioner avers that it is investigating a sworn complaint regarding possible violations of sections A30-4 and A30-5 of article XXX (Code of Ethics) of the Suffolk County Administrative Code by a former county employee who

was retained by the respondent's union of municipal employees as a consultant, strategist, employee or independent contractor. The petitioner argues that it is entitled to compliance with the subpoena issued to the respondent that is at issue in this special proceeding.

In opposing the petition, the respondent advances four separate challenges to the petitioner's entitlement to the relief demanded. By the first of such challenges, the respondent claims that sections A30-4 and A30-5 of the Suffolk County Code of Ethics are not applicable to the former county employee whom the respondent's union retained in October of 2008 to assist the union in its labor relations with the County. The respondent next contends that the petitioner failed to demonstrate that the subject subpoena is an appropriate exercise of the Commission's discretion. The respondent also challenges the subpoena as procedurally deficient in that it does not appear to have been issued upon the unanimous vote of the members of the Commission as required by Suffolk County Charter, article XXX, § C30-6 (b). Finally, the respondent argues that the disclosure of the communications and documentation called for by the subpoena violates the "labor union leader privilege." For the reasons set forth below, this court rejects these challenges to the subject subpoena and thus grants the petition.

It is well settled that to support the issuance of an investigative subpoena, the issuing agency must demonstrate its authority, the relevancy of the items sought and some basis for the inquisitional action undertaken (*see Myerson v Lentini Bros. Moving & Stor. Co.*, 33 NY2d 250 [1973]; *Matter of A'Hearn v Committee on Unlawful Practice of Law of N.Y. County Lawyers' Assn.*, 23 NY2d 916 [1969]). Nevertheless, the factual basis required to sustain an investigative subpoena issued by a government agency need only be preliminary in nature as the agency is not required to demonstrate by evidentiary proof a predicate for the underlying allegations (*see Matter of Nicholson v State Commn. on Jud. Conduct*, 50 NY2d 597 [1980]). No showing of fraud, illegality or of probable cause that wrong doing has occurred or will be disclosed is required (*see Matter of Hynes v Moskowitz*, 44 NY2d 383 [1978]; *Matter of Windsor Park Nursing Home v Hynes*, 42 NY2d 243 [1977]; *Myerson v Lentini Bros. Moving & Stor. Co.*, 33 NY2d 250 [1973], *supra*).

In the face of a challenge to the relevancy of an investigative subpoena, the issuing agency need only establish that the materials sought have a reasonable relationship to the subject

matter under investigation and to the public purpose to be achieved (see *Anheuser-Busch, Inc. v Abrams*, 71 NY2d 327 [1988]; *Matter of Hogan v Cuomo*, 67 AD3d 1144 [3d Dept 2009]; *Matter of Miller v Waters*, 1 AD3d 829 [3d Dept 2003]). It is only where the subpoena recipient demonstrates that the subpoena is not within the authority of the issuing agency or that its scope may be fairly characterized as irrelevant, illegitimate or oppressive will the recipient's challenge be sustained (see *Carlisle v Bennett*, 268 NY 212 [1935]).

■ Review of the petition and supporting papers submitted by the petitioner reveals that it has met its initial burden of demonstrating its authority for engaging in the investigation and issuance of the subject subpoena. The petitioner has further demonstrated that the materials sought have a reasonable relationship to the subject matter under investigation as well as to the public purpose to be achieved and that the investigation has a sufficient factual predicate. The record is devoid of any evidence that the subpoena is not within the authority of the petitioner or that its scope is such that it may be fairly characterized as irrelevant, illegitimate or oppressive. The respondent's claims that the petitioner has failed to demonstrate that the subject subpoena is an appropriate exercise of the petitioner's discretion are thus without merit (*cf. Carlisle v Bennett*, 268 NY 212 [1935], *supra*).

Equally unavailing are the respondent's claims that the Suffolk County Ethics Code provisions, relied upon by the petitioner as a basis of its inquiry, are not applicable to the former Suffolk County employee who is the target of such inquiry. A reading of the Ethics Code provisions relied upon by the petitioner does not warrant a finding that the targeted former employee is not subject to the reach thereof. The issue of whether there has been a violation of the subject Ethics Code provisions is a matter for the petitioner to determine. Challenges to the ultimate determination issued by the petitioner, including whether the targeted former employee is the proper subject of the Ethics Code provisions cited or others, are premature and beyond the scope of the court's inquiry in this special proceeding commenced pursuant to CPLR 2308.

The respondent's procedural challenge to the subject subpoena is also unavailing. The record contains due proof that the subpoena was duly authorized by the unanimous vote of three members of the Ethics Commission as required by section C30-6 (b) of the Suffolk County Charter.

■ The court further rejects the respondent's claim that a labor union leader privilege insulates from disclosure the communications and documents that are the subject of the petitioner's subpoena. The respondent contends that in order to fulfill her and her union's representational duties to union members, they must avoid the disclosure of union strategies, proposals, alliances and positions vis-à-vis the County as it is currently involved in collective bargaining negotiations with the union. The respondent further contends that the union retained the targeted former county employee to provide the union with strategic advice on this and/or other labor relations matters with the County. The respondent argues that these circumstances warrant a finding that a labor union leader privilege operates to protect the strategic and confidential information the targeted former county employee has been providing the union and its leadership throughout his stewardship as a retained consultant and/or strategist for the union since December of 2008.

In support of her claim of privilege, the respondent relies upon case authority emanating from the New York County Supreme Court in 1991, entitled *Matter of Seelig v Shepard* (152 Misc 2d 699 [1991]). Therein, Justice Harold Baer, Jr. held that it would be an improper employment practice if the respondent Shepard, the Commissioner of the Department of Investigation of the City of New York, was allowed to compel the petitioner, the president of the Correction Officer's Benevolent Association, Inc., to answer any questions about reports or other commentary concerning a 1990 Rikers Island union incident, if those reports and comments were made by union members to the petitioner in his role as union president. Justice Baer expressly likened the privilege he judicially recognized to the privilege accorded attorney/client communications (*cf. In re Grand Jury Subpoenas Dated Jan. 20, 1998*, 995 F Supp 332 [ED NY 1998]). However, Justice Baer expressly limited the privilege to communications between union members and their union leaders and other union officials that were made in the performance of a union duty (*see Matter of Seelig v Shepard*, 152 Misc 2d at 702). In making his determination, Justice Baer relied heavily upon *Matter of City of Newburgh v Newman* (70 AD2d 362 [3d Dept 1979]), wherein the Third Department precluded a municipal employer from questioning a police union president as to his observations and communications with a union member facing disciplinary proceedings. The Third

Department explained that such questioning, "if permitted, would tend to deter members of the union from seeking advice and representation with regard to pending charges, thereby seriously impeding their participation in an employee organization" (*id.* at 365-366).

It is apparent from the record adduced on the instant petition that the targeted former employee of the County is not a union member, but instead, has been retained by the union as an employee consultant or independent contractor to provide advice, strategy tactics and other positional information to union leadership as they confront the issues pertinent to resolving the existing labor relations with the County, including current collective bargaining negotiations.

The limited privilege recognized in *Matter of Seelig v Shepard* (152 Misc 2d 699 [1991], *supra*) and *Matter of City of Newburgh v Newman* (70 AD2d 362 [1979], *supra*) thus has no application to the communication and documentation that is the subject of the petitioner's subpoena.

This court declines the respondent's invitation to expand the limited privilege recognized in the two case authorities cited above to one broad enough to attach to advice, commentary and documentation transmitted by a former municipal employee after his retention as an employee advisor or consultant for a union. It is well established that privileges against giving testimony or other evidence are not lightly created or expansively construed (*see United States v Nixon*, 418 US 683 [1974]). In this regard, it is notable that, as a general rule, New York courts defer to the Legislature with respect to the creation of new evidentiary privileges (*see Lamitie v Emerson Elec. Co.— White Rodgers Div.*, 142 AD2d 293 [3d Dept 1988]). Rare exceptions are made only when there has been a showing that the harm to the public interest far outweighs the interests of the party seeking disclosure or that disclosure would impair fundamental rights (*see Bank Brussels Lambert v Chase Manhattan Bank, N.A.*, 1995 WL 617362, 1995 US Dist LEXIS 15497 [SD NY 1995]; *Lamitie v Emerson Elec. Co.—White Rodgers Div.*, 142 AD2d 293 [1988], *supra*). Other courts which are statutorily empowered to recognize new privileges do so sparingly and only where it is shown that the preclusion of testimony and/or other evidence under a newly asserted privilege has a public good that transcends the normally predominant principle of utilizing all rational means to ascertain the truth (*see Trammel v United States*, 445 US 40 [1980]; *United States*

*v Nixon*, 418 US 683 [1974], *supra*; *In re Grand Jury Subpoena*, 155 NH 557, 926 A2d 280 [2007]; *Dixon v Rutgers, The State Univ. of N.J.*, 215 NJ Super 333, 521 A2d 1315 [1987]).

The expansive evidentiary privilege for labor union leaders advanced herein by the respondent, which would immunize from disclosure communications among union leaders and the union's paid staff regarding collective bargaining tactics, strategies and advice provided by such staff and other nonunion members, has not been shown to be necessary to avoid the impairment of any fundamental rights of the respondent, her union, its members or its retained staff. Nor has it been shown that harm would inure to the public interest by reason of the disclosure of the items called for by the subpoena and that such harm far outweighs the interests of the petitioner who seeks such disclosure.

■ Finally, the respondent failed to demonstrate that the expansive labor union leader privilege asserted by her has been created by the New York State Legislature or has been recognized by appellate case authorities in New York. While a limited labor relations privilege concerning communications in collective bargaining negotiations between a party to such negotiations and its negotiators exists by regulation in administrative proceedings before the New York State Public Employment Relations Board (*see* 4 NYCRR 215.3), that regulation has no application to the investigative proceedings concerning possible ethics violations by a former County employee undertaken by the petitioner in this special proceeding.

In view of the foregoing, the petition is granted and the respondent is directed to comply with the subject subpoena by appearing with the subpoenaed documents before the petitioner on a date scheduled by the petitioner's counsel on not less than 10 days' notice to the respondent's counsel.