# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**947**
**CA 14-00187**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF WATERTOWN CITY SCHOOL
DISTRICT AND BOARD OF EDUCATION OF
WATERTOWN CITY SCHOOL DISTRICT,
PETITIONERS-APPELLANTS,

                    V                                          MEMORANDUM AND ORDER

ANONYMOUS, A TENURED TEACHER,
RESPONDENT-RESPONDENT.

---

THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (JOHN A. SICKINGER OF
COUNSEL), FOR PETITIONERS-APPELLANTS.

RICHARD E. CASAGRANDE, LATHAM (A. KATHYA STEPHENSON OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

---

Appeal from a judgment and order (one paper) of the Supreme Court, Jefferson County (James P. McClusky, J.), entered September 27, 2013 in a proceeding pursuant to CPLR article 75. The judgment and order denied the petition to quash the subpoena duces tecum issued by the hearing officer on July 5, 2013 and granted the cross motion to compel petitioners to comply with the subpoena duces tecum.

It is hereby ORDERED that the judgment and order so appealed from is unanimously reversed on the law without costs, the cross motion is denied and the petition is granted.

Memorandum: Petitioners commenced this proceeding seeking, inter alia, to quash a subpoena duces tecum served on them by respondent, a tenured teacher, in the course of an administrative proceeding commenced against respondent pursuant to Education Law § 3020-a. Respondent cross-moved to compel petitioners to comply with the subpoena duces tecum. We agree with petitioners that Supreme Court erred in denying the petition and granting the cross motion. The record establishes that, following an initial prehearing conference in the section 3020-a proceeding, the Hearing Officer granted respondent's request for production of the testifying high school students' records, notwithstanding protections under the Family Educational Rights and Privacy Act of 1974 (FERPA), and thereafter limited production of students' records to those from seventh grade forward. In connection with that request, the Hearing Officer issued a subpoena duces tecum ordering the production of those student records. Although the Hearing Officer had the authority to order the production of student records that were material and relevant to

respondent's defense (*see* § 3020-a [3] [c] [iii] [A], [C]), it is well established that, "[g]enerally, a subpoena duces tecum may not be used for the purpose of discovery or to ascertain the existence of evidence" (*Matter of Terry D.*, 81 NY2d 1042, 1044).  Where, as here, "the relevance of the subpoena is challenged, it is incumbent upon the issuer to come forward with a factual basis establishing the relevance of the documents sought to the investigation," to show "that the material sought bears a reasonable relation to the matter under investigation" (*Matter of N. v Novello*, 13 AD3d 631, 632; *see Matter of Constantine v Leto*, 157 AD2d 376, 378, *affd for the reasons stated* 77 NY2d 975).  Here, the allegations of misconduct against respondent involved activities outside of the classroom, and respondent stated only generally that the students' records were "highly relevant" in asserting a defense and that the records are "necessary and relevant to the preparation of a defense to the charges on its face."  Thus, in light of respondent's failure to indicate how the records are reasonably related to respondent's defense and a factual basis establishing their relevance (*see Novello*, 13 AD3d at 632), we conclude that the court abused its discretion in refusing to quash the subpoena duces tecum (*see generally Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952, 954; *Kephart v Burke*, 306 AD2d 924, 925).

In light of our decision, we do not consider petitioners' remaining contention, concerning the alleged violation of FERPA.

Entered:  September 26, 2014                      Frances E. Cafarell
                                                 Clerk of the Court