■ CARL ANDREWS & ASSOCIATES, INC., Appellant, v OFFICE OF THE INSPECTOR GENERAL OF THE STATE OF NEW YORK et al., Respondents. [925 NYS2d 504]—

Order and judgment (one paper), Supreme Court, New York County (Saliann Scarpulla, J.), entered October 4, 2010, inter alia, denying the petition to quash the subpoena duces tecum served on petitioner by respondent Office of the Inspector General, unanimously affirmed, without costs.

We reject petitioner's contention that because the Inspector General's jurisdiction is limited to the activities of executive branch agencies (see Executive Law § 51), his subpoena power over non-executive branch agencies is limited to documents that on their face show a connection to the activities of executive branch agencies. Pursuant to Executive Law § 54 (3), the Inspector General has the power to "require the production of any books and papers deemed relevant or material to any investigation, examination or review." The statute imposes no limitation other than relevancy and materiality on the books and papers the Inspector General may require to be produced.

The subject subpoena was issued to petitioner, a lobbying company, by the Inspector General in the course of his investigation of the executive agencies and officials involved in evaluating and selecting the video lottery terminal (VLT) franchise for the Aqueduct racetrack, colloquially known as the "racino." The relevance and materiality of the subpoenaed documents to that investigation is demonstrated by the record. The selection process involved the Division of Lottery, the Division of the

Budget, the Office of General Services, the New York Racing and Wagering Board, and the Empire State Development Corporation; the selection was to be made by the Governor, the Speaker of the Assembly, and the Temporary President of the Senate. Petitioner was retained by the Aqueduct Entertainment Group (AEG) in connection with AEG's bid to operate the VLT at Aqueduct; on January 29, 2010, AEG was selected, despite questions regarding, among other things, its ability to secure a license from the Division of Lottery. Thus, the record establishes the Inspector General's authority to conduct the investigation, the relevance of the documents he seeks, and "some basis for inquisitorial action" (*see Matter of A'Hearn v Committee on Unlawful Practice of Law of N.Y. County Lawyers' Assn.*, 23 NY2d 916, 918 [1969], *cert denied* 395 US 959 [1969]).

Petitioner's argument that it had no contact with any executive branch agency or employee regarding the "racino" process and therefore would have no documents responsive to the subpoena "is a matter to be stated in response to the subpoena, not a basis for quashing it" (*Matter of Goldin v Greenberg*, 49 NY2d 566, 572 [1980]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Acosta, Renwick and DeGrasse, JJ. **[Prior Case History: 30 Misc 3d 271.]**