■ ELLEN N. BIBEN, Inspector General of the State of New York, Respondent, v INDIAN CULTURAL AND COMMUNITY CENTER, INC., Appellant. [944 NYS2d 129]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered December 14, 2011, which granted petitioner's motion to compel compliance with a subpoena and denied respondent's cross motion to quash or limit the subpoena, unanimously affirmed, without costs.

Petitioner's issuance of a subpoena in connection with *respondent's* purchase of state-owned property was within her statutory authority to investigate allegations of corruption and abuse in covered state-agencies (Executive Law §§ 53, 54). The subpoena was issued pursuant to petitioner's legitimate inquiry as to whether the property was sold at a price that was artificially lowered, in exchange for campaign donations, and that the initial intended restriction of use of the property was modified from that of a community center to include senior housing. Accordingly, the request for information and documents relating to the financing of respondent's purchase of the property was relevant and material to petitioner's investigation into the sale of the property (*see e.g. Carl Andrews & Assoc., Inc. v Office of the Inspector Gen. of the State of N.Y.*, 85 AD3d 633 [2011], *lv denied* 18 NY3d 805 [2012]).

We have considered respondent's remaining arguments, including that petitioner's investigation resulted in its investors being harassed, and find them unavailing. Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Abdus-Salaam, JJ.